UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETH M. NORDEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAWRENCE M. SMALL, SECRETARY )<br>  SMITHSONIAN INSTITUTION, )<br>)<br>Defendant. )<br>) | No. 05-1232 (RMC) |

**DEFENDANT'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Lawrence Small, in his official capacity as Secretary of the Smithsonian Institution, and through the undersigned counsel, hereby answers the Plaintiff's First Amended Complaint as follows:

**I. JURISDICTION**

1. Paragraph 1 states a conclusion of law to which no response is required.

2. Paragraph 2 states a conclusion of law to which no response is required.

3. The document is the best evidence of its contents.

4. Admit.

5. Admit.

6. The document is the best evidence of its contents.

7. Paragraph 6 states a conclusion of law to which no response is required. To the extent a response is required, defendant denies paragraph 7.

## II. FACTS

8. Defendant incorporates his responses to the allegations contained in paragraphs 1-7 as set forth fully herein.

9. Admit that Dr. Norden began working as a pre-doctoral fellow in November 1984, deny the remainder of the paragraph.

10. Admit Plaintiff received her PhD in 1985, aver that Plaintiff was appointed as a museum specialist in the Department of Entomology of the Natural History Museum in November 27, 1985 .

11. Admit that Plaintiff resigned to return to teaching school in September 1988 and that Plaintiff was reinstated as a museum specialist on June 30, 1991.  Deny the remainder of the paragraph.

12. Admit.

13. Deny.

14. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 14, and therefore denies the paragraph.

15. Admit.

16. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the first sentence in paragraph 16, and therefore denies the sentence.  Admit second sentence.

17.  Admit.

18. Admit

19. Admit.

20. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 20, and therefore denies the paragraph.

21. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 21, and therefore denies the paragraph.

22. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 22, and therefore denies the paragraph.

23. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 23, and therefore denies the paragraph.

24. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 24, and therefore denies the paragraph.

25. Deny.

26. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 26, and therefore denies the paragraph.

27. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 27, and therefore denies the paragraph.

28. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 28, and therefore denies the paragraph.

29. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 29, and therefore denies the paragraph.

30. Admit that reports were sent to Dr. Lawford, the documents themselves are the best evidence of their contents and "regularity."

31. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 31, and therefore denies the paragraph.

32. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 32, and therefore denies the paragraph.

33. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 33, and therefore denies the paragraph.

34. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 34, and therefore denies the paragraph.

35. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 35, and therefore denies the paragraph.

36. Deny.

37. Deny.

38. Admit.

39. Admit.

40. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 40, and therefore denies the paragraph.

41. Admit.

42. Defendant lacks sufficient knowledge and information to form a belief as to the truth of in paragraph 42, and therefore denies the paragraph.

43. Admit.

44. Admit that Dr. Schultz denied Norden's request to work from home. Aver that Ted Suman has worked as a contractor for the Smithsonian since 1998.

### (Dr. Norden's 2nd Return to Work)

45. Admit.

46. Admit.

47. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 47, and therefore denies the paragraph.

48.  Admit that part-time schedule was agreed upon, but deny that this schedule was an "accommodation."

49. The document is the best evidence of it contents.

50.  The document is the best evidence of it contents.  Deny that Marilyn Slomba is an attorney and aver that she is a Human Resources Specialist, Labor Employee Relations Branch, Office of Human Resources.

51. Deny.

52.  Deny.

53.  Deny.

54.  Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 54, and therefore denies the paragraph.

55. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 55, and therefore denies the paragraph.

56.   Defendant lacks sufficient knowledge and information to form a belief as to the truth of the first sentence of paragraph 56, and therefore denies the sentence.  Admit the second sentence of paragraph 56.

57.  The electronic e-mail is the best evidence of its contents.

58.  Deny.

59.  Defendant lacks sufficient knowledge and information to form a belief as to the truth of the first sentence of paragraph 59, and therefore denies the sentence.  Admit the second sentence of paragraph 59.

60.  Admit.

61.  Deny.

62. Deny.

63. Defendant lacks sufficient knowledge and information to form a belief as to the truth as to paragraph 63, and therefore denies the paragraph.

64. Admit.

65. The electronic mail message is the best evidence of its contents.

66. Admit.

67. Defendant lacks sufficient knowledge and information to form a belief as to the truth as to paragraph 67, and therefore denies the paragraph.

68. Defendant lacks sufficient knowledge and information to form a belief as to the truth as to paragraph 68, and therefore denies the paragraph.

69. Defendant lacks sufficient knowledge and information to form a belief as to the truth as to the first sentence of paragraph 69, and therefore denies the sentence.  Deny the second sentence.

70. Defendant lacks sufficient knowledge and information to form a belief as to the truth as to paragraph 70, and therefore denies the paragraph.

71. Deny.

72. Deny the allegations contained in the first, second and third sentences.  Defendant lacks sufficient knowledge and information to form a belief as to the truth as to the fourth sentence in paragraph 72, and therefore denies the sentence.

73. Admit the first sentence.  Deny the second sentence.  Defendant lacks sufficient knowledge and information to form a belief as to the truth as to the third sentence in paragraph 73, and therefore denies the sentence.

74. Admit the first sentence. As to the second and third sentences, the memorandum is the best evidence of its contents.

75. Defendant lacks sufficient knowledge and information to form a belief as to the truth as to paragraph 75, and therefore denies the paragraph.

76. Defendant lacks sufficient knowledge and information to form a belief as to the truth as to the first sentence in paragraph 76, and therefore denies the sentence. Deny the second and third sentences.

77. Defendant lacks sufficient knowledge and information to form a belief as to the truth as to the first sentence in paragraph 77, and therefore denies the sentence. Admit second sentence.

78. Deny.

79. Admit the first sentence. Deny the second sentence.

80. Defendant lacks sufficient knowledge and information to form a belief as to the truth as to the first sentence in paragraph 80, and therefore denies the sentence. As to the second sentence, the October 17 memorandum is the best evidence of its contents.

81. Deny.

82. Deny.

**(Dr. Norden's being placed on forced disability status)**

83. Admit.

84. Admit the first sentence. As to the second sentence, the memorandum is the best evidence of its contents. Deny the third sentence.

85. The memorandum is the best evidence of its contents.

86. Admit that Dr. Norden remained on the roles, as to the reasons stated, the memorandum is the best evidence of its contents.

87. Defendant lacks sufficient knowledge and information to form a belief as to the truth as to the allegations in paragraph 87, and therefore denies the paragraph.

88. The e-mails are the best evidence of their contents.

89. The e-mail is the best evidence of its contents.

90. The e-mail is the best evidence of its contents.

91. The e-mail is the best evidence of its contents.

92. Defendant admits that Dr. Norden remained on the rolls, denies that "she continued not to receive accommodations," and lacks sufficient knowledge and information to form a belief as to the truth as to her mental state.

93. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 93, and therefore denies the paragraph.

94. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 94, and therefore denies the paragraph.

95. Deny.

96. Deny.

97. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 97.

98. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 98, and therefore denies the paragraph.

99. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the first sentence of paragraph 99, and therefore denies the sentence. Deny the second sentence.

100. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 100, and therefore denies the paragraph.

101. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 101, and therefore denies the paragraph.

102. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 102, and therefore denies the paragraph.

103. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 103, and therefore denies the paragraph.

104. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 104, and therefore denies the paragraph.

105. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 105, and therefore denies the paragraph.

106. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 106, and therefore denies the paragraph.

107. Deny.

108. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 108, and therefore denies the paragraph.

109. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the first sentence of paragraph 109, and therefore denies the sentence. Deny the second

sentence. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the third sentence of paragraph 109, and therefore denies the sentence.

110. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 110, and therefore denies the paragraph.

111. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 111.

112. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 112, and therefore denies the paragraph.

113. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 113, and therefore denies the paragraph.

114. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 114, and therefore denies the paragraph.

115. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 115, and therefore denies the paragraph.

116. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 116, and therefore denies the paragraph.

117. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 117, and therefore denies the paragraph.

118. The document is the best evidence of its contents.

119. The document is the best evidence of its contents.

120. The document is the best evidence of it contents.

121.  Admit the allegations contained in the first sentence.  As to the second sentence, the document is the best evidence of its contents.  Regarding the last sentence of paragraph 121, including the subparts, the document is the best evidence of its contents.

122.  Admit the first sentence.  Deny the second and third sentences.

123.  Deny.

124.  Admit the first sentence and aver that a position description list an employee's primary duties and responsibilities and is the official document that authenticates an employee's grade.  Deny the second and third sentences.

125.  Deny the first sentence and aver that plaintiff's position description upon her reinstatement on June 30, 1991 was numbered 22069, Museum Specialist (zoology), GS-1016-09 and that her position description upon her promotion on May 31, 1992 was numbered 32204, Museum Specialist (Zoology) , GS-1016-11.  Defendant lacks sufficient knowledge and information to form a belief as to the truth of the second sentence of paragraph 125, and therefore denies the sentence.  Admit the third sentence.  Defendant lacks sufficient knowledge and information to form a belief as to the truth of the fourth and fifth sentences, and therefore denies those sentences.

126.  Deny the first sentence.  As to the second, third, fourth, fifth and six sentences, the position description is the best evidence of it contents.

127.  Deny the first sentence.  Admit the second sentence.

128.  Deny.

129. Deny.

130. Deny.

131.  Deny and aver that thee document is the best evidence of its contents.

11

132. The document is the best evidence of its contents.

133. Admit.

134.   (a) Deny.

(b) Deny.

(c) Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 134 (c).

(d) Defendant denies the allegations contained in the first and second sentences of paragraph 134(d).  Defendant admits the third sentence of paragraph 134(d).

(e) Deny.

(f) Deny.

135. Deny.

136. Admit the allegations contained in the first sentence.  Deny the allegations contained in the second sentence.

137. Admit the first sentence of paragraph 137.  As to the second sentence, the document is the best evidence of its contents.

138.  Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 138, and therefore denies the paragraph.

139. The document is the best evidence of its contents.

140. Admit.

141. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 141, and therefore denies the paragraph.

### III. FIRST CAUSE OF ACTION:
### FAILURE TO ACCOMMODATE UNDER SECTION 501 OF THE REHABILITATION ACT, 29 U.S.C. SECTION 791

142. Defendant incorporates his responses to the allegations contained in paragraphs 1-141 as set forth fully herein.

143. Deny.

144. Admit the allegations contained in the first sentence. Defendant lacks sufficient knowledge and information to form a belief as to the remainder of paragraph 144, and therefore denies the same.

145. Defendant lacks sufficient knowledge and information to form a belief as to the truth of paragraph 145, and therefore denies the paragraph.

146. Deny.

147. Deny.

148. Deny.

149. Deny.

150. Deny.

### IV. SECOND CAUSE OF ACTION
### RETALIATION FOR PROTECTED ACTIVITIES

151. Defendant incorporates his responses to the allegations contained in paragraphs 1-150 as set forth fully herein.

152. Deny.

153. Deny.

154. Deny.

155. Deny.

156. Deny.

157. Deny.

158. Deny the first sentence and aver that Plaintiff's prior counsel filed an informal complaint on April 7, 2003. As to the second, third and fourth sentences, deny and aver that Plaintiff's present counsel filed a formal complaint on August 26, 2003 and the complaint is the best evidence of its contents. Admit the fifth sentence.

159. Deny.

160. Deny.

161. Deny.

162. Deny.

163. Deny.

## VI.  PRAYER FOR RELIEF

Paragraphs 164-166 are Plaintiff's prayer for relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested in the Complaint or to any relief whatsoever. In particular, Defendant denies that Plaintiff is entitled to recover any damages in connection with the actions alleged in the Complaint. Defendant further avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981a.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

## VII.  JURY TRIAL DEMANDED

Following paragraph 166 is Plaintiff's demand for a jury trial to which no response is required.

WHEREFORE, having fully answered, Defendant prays that this action be dismissed and that the Court grant such and other further relief as may be appropriate.

### **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

The Complaint includes claims on which Plaintiff has filed to exhaust her administrative remedies.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

Plaintiff failed to participate in good faith in the interactive process mandated by the Rehabilitation Act.

### FOURTH DEFENSE

Plaintiff failed to mitigate her damages.

December 5, 2005                              Respectfully submitted,

                                                      /s/
                                      KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                      United States Attorney

                                                      /s/
                                      R. CRAIG LAWRENCE, D.C. Bar # 171538
                                      Assistant United States Attorney

                                                      /s/
                                      JOHN F. HENAULT, D.C. Bar # 472590
                                      Assistant United States Attorney
                                      555 4th Street, N.W.,
                                      Washington, D.C. 20530
                                      (202) 307-1249
                                      (202) 514-8780 facsimile


OF COUNSEL:
FARLEIGH EARHART
Assistant General Counsel
Smithsonian Institution
P.O. Box 23286
Washington, D.C. 20026-3286