IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Beth M. Norden, Ph.D.,<br>112 Greenhill Road<br>Greenbelt, MD 20770<br>    Plaintiff, | Civil Action No: 1:05-cv-1232, RMC<br><br>**16.3(c) Written Report** |
| Lawrence M. Small,<br>Secretary of the Smithsonian Institution,<br>P.O. Box 37012<br>Washington, DC 20001<br>    Defendant, | |

## 16.3(c) WRITTEN REPORT

Parties conferred by telephone and agreed to the following in accordance with Rule 16.3(c):

(1) Any dispositive motions will be filed after the close of discovery;

(2) No other parties will be joined to this case;

(3) The case should not be assigned to a magistrate;

(4) There may be a realistic possibility of settling this case once discovery is performed;

(5) Counsel should confer again as to the possible benefits of ADR once some discovery is performed;

(6) Summary Judgment motions and Motions to Dismiss should be filed within 45 days of the close of discovery, with oppositions to said motions due within 30 days of service and replies to the oppositions due within 20 days of the oppositions' service.

(7) Both parties will make full initial disclosures;

(8) Discovery should be completed within 180 days of commencement. Both parties

agree to a protective order for the disclosure of Dr. Norden's medical and psychiatric records;

(9) There is no need to modify the requirement of Rule 26(a)(2), except that plaintiff's expert disclosures shall be due 90 days prior to the close of discovery and defendant's expert disclosures shall be due 60 days prior to the close of discovery. Depositions of experts are anticipated, and may be conducted up to the close of discovery. Plaintiff anticipates that her medical experts will be her treating doctors.

(10) There is no class action;

(11) There is no need to bifurcate trial;

(12) The parties believe that the Court should set a status conference at the close of discovery and set a pretrial conference date at that time;

(13) Parties would prefer that the Court set a trial date at the pretrial conference;

(14) There are no other matters to be included in a scheduling order.

/s/
Alex T. Sliheet, DC
Bar No. 438977
Attorney for Plaintiff
8702 Nightingale Dr.
Lanham, MD 20706
alexsliheet@yahoo.com
(301) 552-4908

Respectfully submitted,

/s/  /s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/  /s/
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

/s/  /s/
JOHN F. HENAULT, D.C. BAR # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Beth M. Norden, Ph.D.,
112 Greenhill Road
Greenbelt, MD 20770
    Plaintiff,

Civil Action No: 1:05-cv-1232, RMC

**Proposed Scheduling Order**

Lawrence M. Small,
Secretary of the Smithsonian Institution,
P.O. Box 37012
Washington, DC 20001
    Defendant,

## PROPOSED SCHEDULING ORDER

The Court, having reviewed the Proposed Scheduling Order, and for good cause shown, hereby orders the following:

(1) Any dispositive motions will be filed after the close of discovery;

(2) No other parties will be joined to this case;

(3) The case shall not be assigned to a magistrate;

(4) Settlement discussions will be held once discovery is performed;

(5) Counsel shall confer again as to the possible benefits of ADR once some discovery is performed;

(6) Summary Judgment Motions and Motions to Dismiss shall be filed within 45 days of the close of discovery, with oppositions to said motions due within 30 days of service and replies to the oppositions due within 20 days of the oppositions' service.

(7) Both parties will make full initial disclosures within 14 days after the Judge issues her

Fed. R.Civ.P. 16(b) scheduling order.

(8) Discovery shall be completed within 180 days of commencement. Both parties agree to a protective order for the disclosure of Dr. Norden's medical and psychiatric records;

(9) There is no need to modify the requirement of Rule 26(a)(2), except that plaintiff's expert disclosures shall be due 90 days prior to the close of discovery and defendant's expert disclosures shall be due 60 days prior to the close of discovery.. Depositions of experts are anticipated, and plaintiff anticipates that her medical experts will be her treating doctors.

(10) There shall be no class action;

(11) Trial shall not be bifurcated;

(12) The Court shall schedule a status conference for the close of discovery and shall set a pretrial;

(13) The Court shall set a trial date at the pretrial conference;

IT IS SO ORDERED.

Dated:_____                          _____
                                             Hon. Rosemary M. Collyer

John F. Henault, Jr
Assistant United States Attorney - District of Columbia
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249 phone
john.henault@usdoj.gov; charice.dickey@usdoj.gov

Alex T. Sliheet, DC
Bar No. 438977
Attorney for Plaintiff
8702 Nightingale Dr.
Lanham, MD 20706
(301) 552-4908
alexsliheet@yahoo.com