Alex T. Sliheet, D.C. Bar No. 438977
Vickie Inge Fang, *pro hac vice*
Attorneys for Plaintiff Beth Norden
8792 Nightingale Drive
Lanham, MD  20706
alexsliheet@yahoo.com
fvickie@comcast.net
(301) 552-4908

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Beth M. Norden,** ) | |
| ) | **Case No. 051232 (RMC)** |
| **Plaintiff** ) | |
| ) | **PLAINTIFF'S OPPOSITION TO** |
| ) | **DEFENDANT'S MOTION TO** |
| **v.** ) | **AMEND THE SCHEDULING ORDER** |
| ) | |
| **Lawrence M. Small,** ) | |
| ) | |
| **Defendant** ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION TO AMEND THE SCHEDULING ORDER

Now comes Dr. Norden, by and through counsel, and opposes Defendant's

Motion to Amend the Scheduling Order.  As reasons therefore, Dr. Norden states as

follows:

For judicial economy, Dr. Norden incorporates by reference Sections II (No good

cause) and III (Unfair Prejudice) of her *Opposition to Defendant's Misrepresented*

*"Consent" Motion for an Extension of Time to Oppose Plaintiff's Motion for Summary*

_Judgmen Motion_.  (See Attachment 1)  Dr. Norden further argues that a wholesale revision of the Scheduling Order would be very disruptive not only to the Court's ability to manage its docket, but to Dr. Norden's ability to manage her life.

Dr. Norden has been attempting to receive accommodations since the spring of 2001.  She has been forced to pay legal fees and costs since the spring of 2003 through the present.  Since the spring of 2003, she has endured the anguish of the Major Depressive Disorder and Post traumatic Stress Disorder which her psychologist believes have been caused in large part by the Defendant's failure to accommodate her handicapping condition.

In addition to the law and the equities involved in making a last minute rewrite of the Scheduling Order without a showing of Good Cause, there is the very real human cost of further delaying Dr. Norden's ability to resolve a deeply traumatic experience.  Allowing Defendant to manipulate the legal system in this way is contrary to both the law and the unwritten rules of ordinary human decency.

For all of the above reasons, the Court should deny the defendant's motion.


Dated: 10/13/06                          Respectfully submitted,


_____/s/_____
Alex T. Sliheet, D.C. Bar No. 438977
Vickie Inge Fang, _pro hac vice_
Attorneys for Plaintiff Beth Norden
8792 Nightingale Drive
Lanham, MD  20706
alexsliheet@yahoo.com
fvickie@comcast.net
(301) 552-4908

# ATTACHMENT 1

Alex T. Sliheet, D.C. Bar No. 438977
Vickie Inge Fang, *pro hac vice*
Attorneys for Plaintiff Beth Norden
8792 Nightingale Drive
Lanham, MD  20706
alexsliheet@yahoo.com
fvickie@comcast.net
(301) 552-4908


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **Beth M. Norden,** ) | |
| ) | **Case No. 051232 (RMC)** |
| **Plaintiff** ) | |
| ) | **PLAINTIFF'S OPPOSITION TO** |
| ) | **DEFENDANT'S MISREPRESENTED** |
| **v.** ) | **"CONSENT" MOTION FOR AN EXTENSION** |
| ) | **OF TIME TO OPPOSE PLAINTIFF'S** |
| ) | **SUMMARY JUDGMENT MOTION** |
| ) | |
| **Lawrence M. Small,** ) | |
| ) | |
| **Defendant** ) | |
| _____) | |


COMES NOW Plaintiff, Beth Norden, Ph.D., by and through counsel, and opposes what Defendant has styled as a "consent" motion for an extension of time to oppose Plaintiff's Motion for Summary Judgment.  Dr. Norden and Dr. Norden's counsel have not consented to Defendant's Motion.  In support of this Opposition, Dr. Norden states that there has been no consent to Defendant's Motion; no good cause has been shown for the Motion; and Granting Defendant's Motion would work unfair prejudice against Dr. Norden.

I.    **No Consent was Given for Defendant's Motion for an Extension of Time**
      **to File an Opposition to Plaintiff's Motion for Summary Judgment**

Counsel for Defendant, John Henault, telephoned Dr. Norden's counsel, Vickie Fang, early in the afternoon of October 12, 2006, and told her that Defendant's opposition to Dr. Norden's Motion for Summary Judgment was due the following day, October 13, 2006. Mr. Henault then asked if Ms. Fang would agree to an extension to the "due date under the schedule." Ms. Fang did not understand why the Opposition would be due on October 13, 2006, when the Scheduling Order specified that Oppositions were due on November 1, 2006.[1] Ms. Fang wondered whether she had misunderstood the local rules, and asked Mr. Henault if he was asking for an extension to November 1, 2006. *[See Ms. Fang's affidavit, par. 6, and Exhibit A, Ms. Fang's email time stamped at 20:47:37.]*

Mr. Henault replied, "yes, let's say November 1st." Ms. Fang readily agreed to consent to this "extension." There was no discussion of the reason for this extension. Ms. Fang believed that any deadline other than the one clearly stated in the Scheduling Order would be not be equitable, even if Defendant's counsel had discovered some ambiguity in the Rules. *[ See Ms. Fang's affidavit, par.7]*

Less than an hour later, Mr. Henault called Ms. Fang again, stating that this Court had made a mistake in the Scheduling Order because counsel's 16.3(c) report had requested that the deadline for Dispositive Motions be set after the close of discovery. Ms. Fang agreed that the Scheduling Order had differed from the report in that regard, but questioned whether the difference meant that the Court had made a mistake.[2] Mr. Henault proposed

---

[1] The Scheduling Order states: "Dispositive motions shall be filed no later than October 2, 2006. Oppositions shall be filed no later than November 1, 2006."

[2] The Court made other changes to the "Proposed Scheduling Order" submitted by the parties.

another consent Motion which would substantially change the Scheduling Order to bring it into accord with counsel's 16.3 (c) report regarding dispositive motions.  Ms. Fang replied that she would have to speak to her client.  *[See Ms. Fang's affidavit and Exhibit A, Ms. Fang's  email time stamped at 20:47:37.]*

After the two phone calls, Mr. Henault sent an email describing his proposed motion to alter the Scheduling Order and asked Ms. Fang to reply "prior to the end of the day."  Ms. Fang sent a reply email stating that she had not spoken with her client, and that Mr. Henault should assume that she would not consent to the motion, but that she would consent to the extension of time.  *[See, Exhibit A, email time stamped at 3:21 p.m.]*   At no point had there been any communication about extending the deadline to file the Opposition to any date other than November 1, 2006. *[See Ms. Fang's affidavit, par. 8  & Exhibit A, Ms. Fang's and Mr. Henault's emails.]*   In what Dr. Norden and her attorneys hope was a simple clerical error, Defendant filed a "Consent" Motion to extend the Opposition deadline to February 1, 2007.  Dr. Norden has never consented to this Motion. She opposes it.

## II.    <u>There has been no Showing of Good Cause</u>

FRCP 16(b) requires that Good Cause be shown in order to amend any of its provisions.  "Good cause require(s) the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." Wright, Miller, & Kane, <u>Federal Practice and Procedure </u>Section 1522.1 at 231 (2nd ed. 1990).

See also Olgyay v. Society for Environmental Graphic Design, 169 F.R.D. 219, 220

(1996):

> "Once the schedule is set at the scheduling conference, the presumption should be firmly against the granting of continuances. If good cause is shown, a reasonable extension of time for a particular purpose may be granted by the Court;"

In its moving papers, Defendant cites no "good cause" reason to change the

timing of the scheduling order.  Defendant was given Plaintiff's motion 12 days ago, and

has 18 days left in which to file the Opposition.

Furthermore, in its moving papers, Defendant has not even attempted to show

why the existing deadline cannot reasonably be met with diligence, nor has Defendant

attempted to suggest why a three month extension would be required.

Moreover, this Scheduling Order was issued on May 19, 2006, almost five

months prior to the Motion at issue.  Since the only reason given for the extension is that

the Court did not choose a preferred dispositive motion deadline date, Defendant has been

on notice for nearly five months of what it sees as a need to "change" the Order.  As the

Fed. R. Civ. P. advisory committee notes (1983 amendment) state, "Rule 16(b)'s good

cause standard primarily considers the diligence of the party seeking the amendment.  The

district court may modify the pretrial schedule if it cannot reasonably be met despite the

diligence of the party seeking the extension."  Again, Defendant has not even attempted to

show that it exercised diligence in raising an objection to the very clearly written language

of an Order issued nearly five months ago or why defendant cannot file its Opposition in

the 30 days the defendant will have had under the current scheduling order on November 1,

2006.   "Carelessness is not compatible with a finding of diligence and offers no reason for

a grant of relief."  3 Moore's Federal Practice Section 16.14{b}(2003).  In Olgyay, supra ,

169 F.R.D. 219, 220 (1996), Judge Friedman cited the Final Report of the Civil Justice

Reform Act Advisory Group of the United States District Court for the District of

Columbia as follows:

> "The purpose of these Rules is to promote the ability to manage cases, to develop "a sound plan to govern the particular case from start to finish." And to set and keep firm pretrial and trial dates. . .The Advisory Group believes that from this point forward, the parties and their counsel should be bound by the dates specified in any first scheduling or other scheduling order, and that no extensions or continuances should be granted, **except on a timely showing of good cause**. Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation should not be considered good cause." (emphasis added)

In its moving papers, Defendant:

- has offered no showing of any reason for "good cause,"

- has offered no showing of any reason why with due diligence, it could not have raised its objection previously, and

- has offered no showing why with due diligence, it cannot meet the November 1, 2006, scheduling order deadline for its Opposition.

"If that party was not diligent, the ["good cause"] inquiry should end." Johnson v. Mammoth, 975 F.2d 604, 609 (9th Cir. 1992)

**III.        Granting this Motion Would Unfairly Prejudice Dr. Norden**

Dr. Norden filed her Motion in a timely manner under the Scheduling Order. To allow Defendant four months in which to oppose her Motion would give Defendant an obvious, unfair and unneeded advantage. By waiting until after Dr. Norden had already filed her Motion for Summary Judgment, Defendant gained the benefits of Dr. Norden's compliance with the Schedule. Dr. Norden did not have an additional three months in which to complete discovery, do more intensive research, and prepare an opposition. At

the date of filing, Dr. Norden has not even received all outstanding discovery which is due.

Defendant now seeks to free itself from its corollary obligations by taking four months

rather than one in which to oppose a Motion which Dr. Norden and her counsel <u>were forced</u>

<u>to write quickly during the midst of discovery with diligence to meet the scheduling order</u>

<u>deadline for dispositive motions.</u>  *Defendant can do the same.*

Furthermore, there has been no suggestion that if Defendant should file a post

discovery motion, Dr. Norden should have additional time to oppose it.  Even if Dr. Norden

were to be granted a similar amount of time, Dr. Norden would still be prejudiced by the

unreasonable delay in the resolution of a case which began over three years ago when she

first filed an informal complaint.  The Motion for Extension lacks "good cause," and is an

unreasonable and unjustified attempt by Defendant to alter the Scheduling Order to Dr.

Norden's prejudice and to Defendant's serious advantage.

For all of the above reasons, the Court should deny the defendant's motion.


Dated: 10/13/06                          Respectfully submitted,


                              _____
                                          /s/
                              Alex T. Sliheet, D.C. Bar No. 438977
                              Vickie Inge Fang, *pro hac vice*
                              Attorneys for Plaintiff Beth Norden
                              8792 Nightingale Drive
                              Lanham, MD  20706
                              alexsliheet@yahoo.com
                              fvickie@comcast.net
                              (301) 552-4908


Plaintiff's Opposition to Defendant's Motion to Amend the Scheduling Order            9

Alex T. Sliheet, D.C. Bar No. 438977
Vickie Inge Fang, *pro hac vice*
Attorneys for Plaintiff Beth Norden
8792 Nightingale Drive
Lanham, MD  20706
alexsliheet@yahoo.com
fvickie@comcast.net
(301) 552-4908


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Beth M. Norden,** ) | |
| ) | **Case No. 051232 (RMC)** |
| **Plaintiff** ) | |
| ) | **AFFIDAVIT OF VICKIE FANG** |
| ) | **IN SUPPORT OF OPPOSITION TO** |
| ) | **MISREPRESENTED "CONSENT" MOTION** |
| **v.** ) | **FOR AN EXTENSION OF TIME TO OPPOSE** |
| ) | **PLAINTIFF'S SUMMARY JUDGMENT** |
| ) | **MOTION** |
| ) | |
| **Lawrence M. Small,** ) | |
| ) | |
| **Defendant** ) | |
| ) | |

## AFFIDAVIT OF VICKIE FANG

I, Vickie Fang declare:

1.        I am over the age of eighteen and competent to testify.

2.        My address is 8702 Nightingale Drive, Lanham, MD.

3.        **Exhibit A** are true and correct copies of emails between counsel, all dated

October 12, 2006.

4.      The email in **Exhibit A that is timed at 20:47:37** and sent to Mr. Henault is a true and accurate email and is a true and accurate representation of previous our telephone conversations.

5.      The three emails are the only emails sent between counsel in this case on the subject of Defendant's Motions to Extend Time and to Alter the Scheduling Order.

6.      I was surprised when Mr. Henault informed me that his Opposition was due on October 13, 2006, and I wondered if I had misunderstood the local rules.

7.      I consented to extending the due date for Defendant's Opposition to November 1, 2006, because I thought it was unreasonable to require that the Opposition be filed at any time prior to the November 1, 2006, deadline stated in the Scheduling Order.

8.      At no point had there been any communication about extending the deadline to file the Opposition to any date other than November 1, 2006.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: 10/13/06                          Respectfully submitted,


_____/s/_____
Vickie Fang