UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETH M. NORDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-1232 (RMC) |
| ) | |
| LAWRENCE M. SMALL, SECRETARY ) | |
| SMITHSONIAN INSTITUTION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO AMEND THE SCHEDULING ORDER**

Plaintiff's opposition to defendant's motion to amend the scheduling order regarding dispositive motions makes two arguments. First, plaintiff argues that defendant has not shown "good cause" for the requested amendment. Second, plaintiff alleges that amending the scheduling order would unfairly prejudice plaintiff. As set forth in detail below, neither of these arguments are accurate, and the Court should amend the scheduling order to set a date for dispositive motions that is after the close of discovery.

**I.    THERE IS "CAUSE" FOR DEFENDANT'S REQUEST**

Pursuant to Federal Rule of Civil Procedure 6(b), this Court has the discretion to extend the deadline for filing and responding to dispositive motions for "cause shown." Fed. R. Civ. P. 6(b). As explained in defendant's motion, the 16.3 report filed by the parties on February 21, 2006 requested that the Court set November 15, 2006 as the close of discovery. See Joint 16.3 Report (Feb. 21, 2006). Regarding dispositive motions, the parties agreed on the following: "Summary Judgment motions and Motions to Dismiss should be filed within 45 days of the close of discovery, with oppositions to said motions due with 30 days of service and replies to the

oppositions due within 20 days of the oppositions' service." Id.  Defendant proposed the aforementioned schedule for summary judgment motions because, quite simply, counsel figured that it would be impossible to file a motion for summary judgment prior to the close of discovery.

In response to the Joint 16.3 Report, this Court set November 15, 2006 as the deadline for the close of discovery.  Notwithstanding that discovery was set to close on November 15, the Court's Scheduling Order set October 2, 2006 as the deadline for dispositive motions and November 1 as the deadline for oppositions.

The Federal Rules of Civil Procedure contemplate that, in appropriate cases, the parties should have ample opportunity to conduct discovery prior to filing and responding to motions for summary judgment.  See Fed. R. Civ. P. 56(f) (providing that, if an affidavit of a party shows that it cannot respond to a dispositive motion prior to discovery, the Court may grant such discovery).  In this case, however, the Court set the date for dispositive motions and oppositions as October 2 (approximately one and a half months prior to the close of discovery) and November 1 (15 days prior to the close of discovery) respectively.

Because counsel for defendant found it impossible to either file a dispositive motion or respond to a dispositive motion by plaintiff prior to the close of discovery, defendant requested that the Court amend the Scheduling Order to set the dates originally agreed upon by counsel for both parties as the dates for dispositive motions and oppositions.

In response to defendant's motion, plaintiff alleges that there is no "good cause" for the request, and cites Olgyay v. Society for Env't Graphic Design, Inc., 169 F.R.D. 219 (D.D.C. 1996).  Olgyay is easily distinguishable from this case.  In Olgyay, the Court set July 16, 1996 for the close of discovery.  On September 3, 1996, almost two months *after* discovery was set to

close, plaintiff filed a request to extend the discovery period. In plaintiff's motion, plaintiff asserted that it had conducted no discovery to date. In sharp contrast to Olgyay, defendant made his request to amend the scheduling order ***prior*** to the close of discovery. Moreover, as explained in detail above, that request results from the inherent difficulty of filing a motion, or responding to plaintiff's motion, prior to the close of discovery. In sum, defendant is not requesting to extend the discovery deadline because he has not pursued discovery in this matter. Rather, defendant anticipates that all discovery will be completed at the date currently set by the Court. 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed.1990) ("Good cause" "require[s] the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."); 3 Moore's Federal Practice § 16.14[b] (2003) (" 'Good cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party"). Once discovery does close, as scheduled by the Court's Scheduling Order, defendant anticipates being able to file a dispositive motion and respond to plaintiff's motion.[1] Until that time, however, filing such a motion or responding to a motion is nearly impossible.

## II. PLAINTIFF WILL NOT BE PREJUDICED BY AN AMENDMENT TO THE SCHEDULING ORDER

Plaintiff alleges that amending the current scheduling order to change the dates for dispositive motions and oppositions will prejudice plaintiff because she has filed a motion. Specifically, plaintiff's alleged prejudice is that "Dr. Norden did not have an additional three

---

[1] Counsel for the parties have scheduled plaintiff's deposition for November 15 and the deposition of plaintiff's expert for November 13. Moreover, counsel anticipates that plaintiff will depose defendant's expert on November 10. Thus, discovery will be concluded on November 15, as set in the current scheduling order.

months in which to complete discovery, do more intensive research and prepare an opposition." Plaintiff's Opp Exhibit A at 8. To the extent that plaintiff felt she needed additional time to complete more discovery, perform research or prepare a motion, she could have requested it. Had she, defendant certainly would not have opposed such a request. In fact, if plaintiff believes that additional time will allow her to complete additional discovery, do more research or draft a better motion, plaintiff can agree to the revised schedule, withdraw her current motion, and take advantage of the schedule the parties initially agreed upon. Moreover, although plaintiff asserts that there is no suggestion that plaintiff receive additional time to respond to defendant's motion for summary judgment, such an assertion is without merit. Defendant's requested amendment to the scheduling order requests that the time for **both parties** to file oppositions to dispositive motions be set as February 1. This is a deadline for **both parties**, not just defendant. Accordingly, plaintiff will certainly have additional time to respond.

Even if plaintiff chooses to stand on her current motion, plaintiff will not be prejudiced. An amendment to the scheduling order will actually benefit plaintiff – to the extent that her under oath responses to defendant's questions in deposition establish that she should prevail on a motion for summary judgment, she can utilize them as such. In sum, amending the current scheduling order to permit the parties to file dispositive motions and oppositions after the close of discovery will cause no prejudice to any party. To the contrary, forcing defendant to file a motion and opposition prior to the close of discovery will certainly prejudice defendant.

October 23, 2006                              Respectfully submitted,


      /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


      /s/
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


      /s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)