To: Era Marshall
Fax # (202) 275-0160
From: Vickie Fang, Esq. fax no. (301) 552-4435)
Email address: fvickie@comcast.net
Re: Beth Norden, Ph.D., Informal Complaint of Retaliation
Date: April 19, 2004
Total no of pages including cover:
By fax and by mail to:
Era Marshall
OEEMA
Smithsonian Institution
P.O. Box 37012
Victor Bldg., Ste. 8100, MRC 921
Washington, DC 20013-7012

Dear Era Marshall,

Please be advised that this notification constitutes an informal complaint being filed by Beth Norden, Ph.D., regarding the Return to Work Document from the Smithsonian Institution (Attached with this complaint) and dated April 8, 2004. The Smithsonian Return to Work Document constitutes new and independent adverse employment action and is retaliatory.

The Smithsonian Return to Work Document establishes <u>new and independent grounds of retaliation</u> as follows:

1. The Smithsonian has committed an entirely separate wrong by conditioning Dr. Norden's accommodations/reinstatement on a waiver of her rights. The Smithsonian is retaliating against Dr. Norden by conditioning Dr. Norden's accommodations/reinstatement on the grounds that Dr. Norden waive all of her presently outstanding claims and complaints as of this date: April 18, 2004.

2. The Smithsonian has committed an entirely separate wrong by conditioning Dr. Norden's accommodations/reinstatement on a waiver of her rights. The Smithsonian is retaliating against Dr. Norden by conditioning Dr. Norden's accommodations/reinstatement on the grounds that Dr. Norden waive: 1) her right to grievance/arbitration procedures, 2) her right to appeal to the MSPB, and 3) her right to file suit in Federal or State court regarding conduct taken against her in the future based on the Smithsonian Return to Work Document.


GOVERNMENT EXHIBIT

3. Furthermore, the Smithsonian has committed an entirely separate wrong by retaliating against Dr. Norden and refusing to provide full relief to Dr. Norden in the terms and conditions of her accommodations/reinstatement as follows:

    a. failing to follow the recommendations provided by its own medical personnel;
    b. changing her work description and responsibilities from research support to collections support so that she wouldn't be doing projects like she used to do;
    c. assigning Dr. Norden work that focused on such insects as flies and lice rather than the hymenoptera which were her area of expertise and had been her primary focus during her previous years at the Smithsonian;
    d. for the first time in Dr. Norden's long tenure with the Smithsonian, assigning Dr. Norden to work for a manager with far less formal education and knowledge of Dr. Norden's area of expertise than Dr. Norden has;
    e. reducing Dr. Norden's accumulated sick leave and vacation leave;
    f. imposing an unrealistic work plan with arbitrary time restrictions and the threat to dismiss Dr. Norden if she fails to meet any of the work plan's requirements;
    g. assigning Dr. Norden a probationary status by holding her "separation in abeyance while she demonstrates satisfactory performance and attendance as shown by compliance with this agreement, as judged at the end of each 320-hour (8 week) review cycle." and
    h. restricting Dr. Norden's options in selecting her own work hours so that she would lose the scheduling flexibility that she (like her peers) had routinely enjoyed in the past.

Sincerely,


Vickie I. Fang, Esq.