To: Marilyn Slomba, Esq.
To fax #: (202) 275-0144
From: Vickie Fang, Esq.
Re.: Dr. Norden
Date: April 30, 2004



Dear Ms. Slomba,

    I have reviewed your most recent fax, but am unable to determine why you claim that the list of conditions you sent me is consistent with any doctor's recommendation. Your own medical personnel have advised that:

a. Dr. Norden have limited exposure to naphthalene,

b. Dr. Norden be given work similar to the work she performed prior to contracting dengue,

c. Dr. Norden be returned to the workplace without any retaliation, and

d. Dr. Norden be given flexible work hours to accommodate medical appointments and migraines.

    These requirements are necessary largely because Dr. Norden was subjected to increased amounts of naphthalene during her previous return to work. Despite her repeated requests for accommodation, she was not allowed to do the research on which her long career with the Smithsonian was based, and was instead relegated to working with insect collections that were highly charged with naphthalene without any counterbalancing accommodations. As a result of this premature and overwhelming exposure to a dangerous chemical, she now has a heightened sensitivity which requires her to limit any additional contact with naphthalene.

    Much of the necessary limiting of Dr. Norden's naphthalene exposure could be accomplished by simply returning her to her former research support position. Instead, the new, "nonnegotiable" work plan requires a career change from research to collections work so that she would face direct, not simply ambient, contact with naphthalene. In addition, Dr. Norden would be subjected to further retaliation by being required to work with insects that are not in her field of specialty, being forced to report to a supervisor with far less education and knowledge of Dr. Norden's field of expertise, being required to adhere to an arbitrary and draconian work schedule under the very thinly veiled threat of dismissal if she fails to meet any of its deadlines, and being subjected to a highly unusual performance review schedule of "every 8 weeks and on an as-needed basis." In a further act of retaliation, the Smithsonian proposes to reduce Dr. Norden's accumulated leave time and restrict her flexibility in scheduling work hours.

    I have not been able to explain to my client, or to myself, why the Smithsonian, and you in particular as an officer of the court, have decided to pursue such a vicious and

SI-2289

retaliatory course of conduct towards a dedicated employee who almost lost her life in service to the Institution. I will, however, strongly advise Dr. Norden against returning to the Smithsonian until the Smithsonian displays a good faith effort to safeguard her from both environmental hazards and retaliation from its own staff, lawyers included.

Very truly yours,

Vickie Fang

SI-2290