COPY

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

BETH M. NORDEN,                )
    Plaintiff,             )
  vs.                          ) Civil Action No.
LAWRENCE M. SMALL, SECRETARY   ) 05-1232 (RMC)
OF THE SMITHSONIAN INSTITUTION,)
    Defendant.             )

- - - - -

The deposition of THOMAS LAWFORD, M.D., was taken on Friday, August 25, 2006, commencing at 10:00 a.m., at the Department of Justice, 501 Third Street, N.W., Fourth Floor, Washington, D. C., before Karen Hinnenkamp, Registered Merit Reporter and Notary Public.

- - - - -

```
 1                A P P E A R A N C E S
 2
 3   ON BEHALF OF THE PLAINTIFF:
 4        VICKIE FANG, ESQ.
 5        Attorney At Law
 6        8702 Nightingale Drive
 7        Lanham, Maryland    20706
 8        (301) 552-4908
 9        fvickie@comcast.net
10
11   ON BEHALF OF THE DEFENDANT:
12        JOHN F. HENAULT, JR., ESQ.
13        U.S. Department of Justice
14        United States Attorney's Office
15        Assistant U.S. Attorney, D.C.
16        555 Fourth Street, N.W.
17        Washington, D. C.    20530
18        (202) 307-1249
19        John.Henault@usdoj.gov
20
21
22
```

```
 1            A P P E A R A N C E S  (Continued)
 2
 3   ON BEHALF OF THE DEFENDANT:
 4         FARLEIGH EARHART, ESQ.
 5         Assistant General Counsel
 6         Smithsonian Institution
 7         1000 Jefferson Drive, S.W.
 8         Room 302
 9         Washington, D. C.   20560-0012
10         (202) 633-5095
11
12   ALSO PRESENT:  Beth M. Norden.
13
14
15
16
17
18
19
20
21
22   (Index appears following the transcript.)
```

Lawford

4

```
 1   Whereupon --
 2              THOMAS LAWFORD, M.D.
 3   a witness, called for examination, having been
 4   first duly sworn, was examined and testified as
 5   follows:
 6              (The documents referred to were
 7               marked Plaintiff's Exhibits No. 29
 8               through 40 for identification.)
 9        EXAMINATION BY COUNSEL FOR PLAINTIFF
10            BY MS. FANG:
11       Q    Good morning, Dr. Lawford.
12       A    Good morning.
13       Q    Although it may be a little redundant,
14   I'm going to ask you to state your name for the
15   record, please.
16       A    My name is Thomas C. Lawford.
17       Q    What is your position, sir?
18       A    I'm an occupational medicine physician,
19   a contract employee of the Smithsonian.
20       Q    Can you explain to me what your job is
21   at the Smithsonian?
22       A    My job involves maybe 20 things, or 30.
```

Lawford

43

```
 1   it to any fact that would mean she shouldn't be,
 2   that includes management reasons, which I'm not --
 3            BY MS. FANG:
 4       Q   I'm only asking for your own knowledge,
 5   not an expert opinion.
 6       A   From my own knowledge, there was
 7   nothing.
 8       Q   Thank you.
 9            MS. NORDEN:  Could we take just a
10   five-minute bathroom break?  Would that be okay?
11            MR. HENAULT:  Absolutely.
12            (Brief recess.)
13            MS. FANG:  Back on the record.
14            BY MS. FANG:
15       Q   I'm going to show you what has been
16   marked as Plaintiff's 38.
17            (Brief pause.)
18       A   Finished.
19       Q   Thank you.  Do you recall this memo?
20       A   Yes, I do.
21       Q   Okay.  Before I ask you about the
22   content of it, I'm going to ask you why you wrote
```

Lawford

44

1   the memo and what it was to be used for. First,
2   why did you write the memo?
3       A   I wrote the memo because I received some
4   medical documents and it's in my job description to
5   always funnel it forward to the appropriate
6   parties.
7       Q   Did you have any understanding of what
8   this memo was to be used for?
9       A   No, I did not.
10      Q   Okay. Would it be correct for me to
11  refer to this as a medical advisory?
12      A   Yes, that's correct.
13      Q   Okay. Is it correct to say that you
14  endorsed the recommendations in the memo?
15          MR. HENAULT: Object to the form. You
16  may answer, sir.
17          THE WITNESS: Not all of them. I
18  suppose you're going to ask me which ones.
19          BY MS. FANG:
20      Q   Yes, sir.
21      A   I didn't mean to give you the question.
22          Some of Dr. Oberg's advice on how

.Lawford

57

1   agreement or that it's --

2           BY MS. FANG:

3      Q    That it's consistent with your advisory.

4      A    That it's consistent with my advisory as

5   to flex time.

6      Q    Hm-mm.

7           MR. HENAULT: Object to the form. You

8   may answer, sir.

9           THE WITNESS: Because I don't go along

10  with your presumption that this plan calls for a

11  firing on missing a deadline, I think it complies

12  with my recommendation for flex time with an

13  adjustable work schedule.

14          BY MS. FANG:

15     Q    You said "it." What complies? You

16  think this plan does?

17     A    This plan with this floating Friday that

18  is makeup time.

19     Q    Okay. Then I will refer you to

20  paragraphs 15 -- actually, let me restate that --

21  paragraphs 12, 13, 15 and 16.

22          MR. HENAULT: Which paragraphs again,

Lawford

74

1    Q    If you could tell me when you're done.

2    A    Oh. I am done.

3    Q    Correct me if I'm wrong, but what has

4    been marked as Exhibit 41 is an e-mail to Thomas

5    Lawford from Marilyn Slomba dated 3-24-04,

6    10:03 a.m., re NMNH Agreement, correct?

7    A    Correct.

8    Q    You sent this e-mail to Ms. Slomba?

9    A    That is correct.

10   Q    Reviewing the terms of this agreement,

11   sir, the agreement marked as Plaintiff's 39, in

12   your opinion as the occupational specialist doctor

13   at the Smithsonian does this agreement comply with

14   your understanding of Beth's needs, medical

15   accommodation needs?

16        MS. FANG: Objection as to form. Are

17   you asking him about the entire agreement?

18        MR. HENAULT: Yes.

19        BY MR. HENAULT:

20   Q    The agreement that you have reviewed as

21   Exhibit 39.

22   A    Correct.

Lawford

75

```
 1       Q      In your position as the occupational
 2    specialist for the Smithsonian do you believe that
 3    agreement complies with your recommendations of
 4    Beth's medical needs?
 5             MS. FANG:  I'm just objecting for the
 6    record to the form of that.
 7             THE WITNESS:  Yes, I believe that
 8    complies.
 9             BY MR. HENAULT:
10       Q      Okay.  Do you recall ever being
11    consulted by anyone about whether or not terms of
12    an agreement sent to Ms. Norden complied with the
13    medically related accommodations she needed?
14             MS. FANG:  Objection.  Were talking
15    about this same agreement or any agreement?
16             THE WITNESS:  I have no --
17             MS. FANG:  Excuse me.  Are we talking
18    about this same agreement or any agreement?
19             THE WITNESS:  Any agreement.
20             MR. HENAULT:  That's my question.
21             THE WITNESS:  Although I have no memory
22    of it, I trust myself to have been correct in this
```