## DECLARATION OF TED SCHULTZ

I, Ted Schultz, do state:

1. I had no doubt that Beth Norden was suffering some impairment or disability immediately following her contraction of dengue fever. In fact, I wrote a letter of support for her application for workers compensation.

2. I secured authorization for Dr. Norden to purchase a respirator and instructed her how to do that in June of 2002. The department was not "still attempting to purchase a respirator for Beth Norden" as of late July. Norden remained authorized to order, through Carol Youmans, the respirator she needed.

3. I always believed, and was told by Dr. Norden and Dr. Lawford, that she was expected to recover fully. By the fall of 2002, it did not seem that she had recovered and the doctors were unable to predict when she would be able to work full time.

4. Dr. Norden did not express to me in November 2002 that she would be able to work full time if she received accommodations for naphthalene.

5. When, in November 2003, Dr. Norden did inform us that she was able to work full time, it appeared she had recovered fully. Following her letter, I was informed through Dr. Lawford that she was 100% able to return to her full range of duties as long as we could accommodate her sensitivity to naphthalene, so I no longer believed she was impaired or disabled.

6. All of the museum specialists in the Department of Entomology are permitted to pursue research and writing of interest to them using departmental resources on their own time. Under the April 2004 proposed work plan, Dr. Norden could have pursued her own research and we specifically included work on bees in the plan, knowing that she had received her PhD working on bees and that she remained strongly interested in them.

7. Although the 2004 work plan involved contact with specimens, we did not believe the plan would increase Dr. Norden's exposure to naphthalene, especially since we had moved her office to the 4th floor and had set aside space for her to work in the 4th floor ventilated sorting room.

Pursuant to 28 U.S.C. sec. 1746 and under penalty of perjury, I certify that the foregoing statement is true and correct.

_____          21 NOV 2006
Ted Schultz                      Date