UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETH M. NORDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05cv1232 (RMC) |
| ) | |
| CRISTIAN SAMPER, ACTING SECRETARY ) | |
| SMITHSONIAN INSTITUTION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Defendant Cristiàn Samper, in his official capacity as Acting Secretary of the Smithsonian Institution, hereby renews Defendant's motion for summary judgment on the issue of Plaintiff's failure to exhaust administrative remedies for the claim based on Plaintiff's 2002 return to work.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETH M. NORDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05cv1232 (RMC) |
| ) | |
| LAWRENCE M. SMALL, SECRETARY ) | |
| SMITHSONIAN INSTITUTION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S SUPPLEMENTAL
STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 7(h), Defendant hereby incorporates his previously-filed Statement of Material Fact Not at Issue, and further files this Supplemental Statement of Material Facts Not in Genuine Dispute:

1.  The Equal Employment Opportunity posters in use by the Smithsonian from spring 2001 until 2004, were approximately 20 by 24 inches, and included the following language explaining the time limits for filing a complaint:

> As an applicant or employee of the Smithsonian Institution, you have the right to file a complaint if you believe you have been discriminated against because of race, color, sex, religion, national origin, age or disability. You can also file a complaint if you believe you have been retaliated against for previously participating in equal employment opportunity activity.
>
> An employee or applicant for employment must contact the Office of Equal Employment and Minority Affairs within **forty-five (45) calendar days** of the alleged discrimination or the effective date of a personnel action.

Declaration of Carol Gover ("Second Gover Decl.") at ¶¶ 3, 4 (and Attachments).

2.	The posters used by the Smithsonian also contained the phone number and address of the Smithsonian's Office of Equal Employment and Minority Affairs ("OEEMA"). Second Gover Decl. at ¶ 5 (and Attachments).

3.	The EEO posters were in several locations in the Smithsonian's Natural History Museum, the museum in which Plaintiff worked. Declaration of Carol Youmans ("Youman Decl.") at ¶¶ 4-7; Declaration of Tracey L. Cones ("Cones Decl.") at ¶¶ 5-7 (both attached to Defendant's initial Cross-Motion for Summary Judgment).

4.	Carol Youmans, the Management Support Specialist with the Smithsonian advised that the posters were located in the hallway outside of the Departmental Management Support Specialist's Office on the sixth floor, the hallway outside of the museum director's office on the third floor, near the staff cafeteria near the third floor elevators, and next to the stairway entrance leading to the Kirby Room (used as a staff meeting room for events, lectures, and meetings). Youmans Decl. at ¶¶4-8. Ms. Youmans testified that Plaintiff visited Ms. Youmans' office from time to time on the sixth floor, which required that she pass by the poster. Id. at ¶ 8.

5.	Tracy Cones, a Program Analyst with the Operations Office, also testified that she saw the posters located on the wall adjacent to staff cafeteria on the third floor, on the wall in the Director's hallway near the community kitchen, on the entomology's bulletin board locacated on the sixth floor, and on all department bulletin boards. Cones Decl. at ¶¶ 5-8.

6.	A photograph copy of the post as it appeared on those walls is attached to the Second Gover Declaration (due to the reflection of the flash bulb, two photograph copies are attached). Second Gover Decl. at ¶ 3.

2

7.	In addition to the posters, Plaintiff had access to the Smithsonian's Intranet, Prism, on her Smithsonian computer.  Pl. Depo. at 123:22-124:3.

8.	From March 25, 2002, to at least May 2004, OEEMA's intranet webpage provided the following language explaining the time limits for filing a complaint:

> When can I initiate an EEO discrimination complaint?
> You must contact an EEO Counselor or OEEMA within forty-five (45) calendar days of the matter alleged to be discrimination or, or in the case of a personnel action, within 45 days of the effective date of the action.

Erixon-Stanford Decl. at ¶ 6 (and Attachment 2)

9.	The webpage has always contained the phone number and address of OEEMA. Erixon-Stanford Decl. at ¶ 7.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETH M. NORDEN,                )<br>                                             )<br>       Plaintiff,                      )<br>                                             )<br>       v.                                 )     No. 05cv1232 (RMC)<br>                                             )<br>LAWRENCE M. SMALL, SECRETARY )<br>  SMITHSONIAN INSTITUTION,   )<br>                                             )<br>       Defendant.                   )<br>_____) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS RENEWED MOTION FOR SUMMARY JUDGMENT**

Plaintiff's first amended complaint alleges two counts: (1) failure to accommodate under section 501 of the Rehabilitation Act, 29 U.S.C. § 791 and (2) retaliation for participation in protected activity. See Am. Compl. ¶¶ 142-163. Among the claims alleged in Plaintiff's amended complaint is that she was not accommodated when she returned to work in 2002. On November 24, 2006, Defendant moved for Summary Judgment alleging, inter alia, that Plaintiff failed to timely exhaust her administrative remedies with respect to her 2002 claims.

On August 3, 2007, this Court denied Defendant's Motion for Summary Judgment. With respect to the claims regarding the 2002 return to work, the Court denied summary judgment because the Court found that a material fact remained in dispute as to Plaintiff's knowledge of the 45-day requirement for contacting an Equal Employment Opportunity (EEO) Counselor, specifically, whether the language on the Smithsonian's EEO posters was reasonably geared towards informing Plaintiff of the 45-day deadline. August 3, 2007, Mem. Op. at 21. The Court held that, because the actual posters were not made a part of the record before the Court, it was unable to know the information conveyed to Plaintiff. Id.

**FACTS**

Defendant hereby incorporates his original Statement of Materials Facts not in Issue (Def's Stmt.) ¶¶ 1-15 and the Supplemental Statement of Material Facts not at Issue ("Def's Supp. Stmt.").

**ARGUMENT**

**I.      SUMMARY JUDGMENT STANDARD**

A party is entitled to summary judgment if the pleadings, depositions, and affidavits demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994).  Under the summary judgment standard, Defendant, as the moving party, bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Plaintiff, in response to Defendant's motion, must "go beyond the pleadings and by [their] own affidavits, or depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial."  Id. at 324 (internal citations omitted).

**II.     THE SMITHSONIAN'S EEO POSTER AND INTRANET WERE REASONABLY GEARED TO INFORM PLAINTIFF OF THE 45-DAY PERIOD.**

Federal employees may only file a civil action after exhausting their administrative remedies before the concerned Federal agency. 42 U.S.C. § 2000e-16(c). Under rulemaking authority delegated by Title VII, see 42 U.S.C. § 2000e-16(b), the EEOC has "established detailed procedures for the administrative resolution of discrimination complaints, including a series of time limits for seeking informal adjustment of complaints, filing formal charges, and appealing agency decisions to the Commission." Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); 29 C.F.R. Part 1614 (Federal Sector Equal Employment Opportunity). "In addition to claims brought under Title VII, the administrative procedures established by the EEOC apply to claims brought under the Rehabilitation Act." Wilderson v. Snow, No. 04-0708 (RJL), 2006 WL 571930, *2 (D.D.C. March 7, 2006). See also 29 U.S.C. § 794a(a)(1).

In its Memorandum Opinion, the Court found that Plaintiff failed to contact an EEO counselor within the 45-day time period and concluded that the Smithsonian's termination of Plaintiff's 2002 return to work was a discrete and clear act, which would have put a reasonable employee on notice that it was necessary to file a claim. See Mem. Op at 18. The Court rejected Plaintiff's arguments that she complied with the 45-day requirement by e-mailing several Smithsonian employees and that she was entitled to equitable tolling because the Smithsonian lulled her into inaction. Id. The sole remaining issue, therefore, is whether Plaintiff should have received an extension to file her administrative claim because she did not know of the 45-day requirement.

As the Court noted in its Memorandum Opinion, since the Smithsonian filed its original Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment, the D.C. Circuit has clarified when a claimant is entitled to equitable tolling of the 45-day deadline to contact an EEO counselor once she has made a showing that she was unaware of the time limit. Harris v. Gonzles, 488 F.3d 442 (D.C. Cir. 2007). Lack of actual notice of the 45-day time limit is not itself sufficient to warrant equitable tolling. Rather, the D.C. Circuit adopted the Seventh Circuit's two-step constructive notice inquiry, which considers "(1) whether 'notification of the time requirements was provided,' and (2) whether the notification was 'reasonably geared to inform the complainant of the time limits.'" Id. at 445 (*quoting* Johnson v. Runyon, 47 F.3d 911, 918 (7th Cir. 1995)). As the court of appeals explained, "it cannot be that an employee claiming to have been unaware of the 45-day time limit would be automatically entitled to an extension even though the agency, through posters, employee handbooks, orientation sessions, etc., made conscientious efforts to advise its employees of the time limit." Id.

The record now establishes that the Smithsonian made conscientious efforts reasonably geared to inform Plaintiff of the 45-day time limit: Two employees have stated with specificity that EEO posters hung in common areas which Plaintiff had access to and used. Def's. Stmt. ¶13. Two employees have confirmed that an EEO notice was available on the intranet. Def's. Stmt. ¶13, Def's Supp. Stmt. ¶ 4. Plaintiff had access to the intranet. Def's Supp. Stmt. ¶ 3. Both the posters and the intranet notice informed employees of their right to file EEO complaints and their obligation to do so within a 45-day time period. Def's Supp. Stmt. ¶¶ 1 & 4.

Additionally, the record now establishes that the posters and intranet notice also provided employees, and Plaintiff, with specific information regarding her duty to initiate EEO contact within 45 days of the alleged discriminatory event, and further provided contact information for the Office of Equal Employment and Minority Affairs. Def's Supp. Stmt. ¶¶ 1-2 & 8-9. Such an accurate description of EEO rights and administrative deadlines posted in areas in which Plaintiff worked and to which Plaintiff had access during the relevant period are adequate to establish constructive notice. See, e.g., Clark v. Runyon, 116 F.3d 275, 277 (7th Cir. 1997); See Foster v. Gonzales, No 06-1288 (JDB) 2007 U.S. Dist. LEXIS 46591, * 22-*27 (D.D.C. June 28, 2007) (posters available in common areas, including bulletin board near elevator provided employee with constructive notice).

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court enter summary judgment in his favor on Plaintiff's claim that the Smithsonian violated the Rehabilitation Act for failing to accommodate her during her 2002 return to work.

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843