Alex T. Sliheet, D.C. Bar No. 438977
Vickie Inge Fang, *pro hac vice*
Attorneys for Plaintiff Beth Norden
8702 Nightingale Drive
Lanham, MD  20706
alexsliheet@yahoo.com
fvickie@comcast.net
(301) 552-4908

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Beth M. Norden,** ) | |
| ) | Case No. 05cv1232 (RMC) |
| **Plaintiff** ) | |
| ) | |
| ) | PLAINTIFF'S OPPOSITION TO |
| ) | DEFENDANT'S MOTION TO AMEND THE |
| **v.** ) | SCHEDULING ORDER FOR AN EXTENSION |
| ) | OF TIME TO OPPOSE PLAINTIFF'S |
| ) | SUMMARY JUDGMENT MOTION |
| ) | |
| **Cristian Samper, Acting** ) | |
| **Secretary Smithsonian** ) | |
| **Institution,** ) | |
| ) | |
| **Defendant** ) | |

**Memorandum in Opposition**

I.   **Defendant Has Shown None of the Three Requirements for Diligence in Seeking a Modification of a Scheduling Order**

Despite the fact that Defendant has already been granted a reasonable

enlargement of time to file its Reply and MSJ Opposition, Defendant has now filed a

1

second motion for enlargement of time on the afternoon of the day that its responses were due.  As its sole reason for not meeting the deadline which the Defendant itself had requested, Defendant stated that its counsel had a busy work schedule.   Plaintiff's counsel is also very busy, but was still able to timely draft and submit: 1) Dr. Norden's 45 page summary judgment motion/opposition to the court, as well as 2) Dr. Norden's very extensively detailed and supported settlement package (more than 1 inch in thickness) to both Defendant and to the Mediator, in preparation for the December 17, 2007.  As will be discussed below, the mediation date has also been missed as a result of a lack of diligence on Defendant's part.  Counsel's workload includes the following elder abuse cases, all of which involve multiple defendants:

- *Mayes v. Mortgageit, et. al.,* (S.D. Cal. 2007)
- *Clark v. QHL Home Loans Corp., et. al.,* (S.D. Cal. 2007)
- *Zacholl v. Countrywide Bank, N.A., et. al.,* (S.D. Cal. 2007)
- *Shearer v. WMC Mortgage Corp., et. al.,* (S.D. Cal. 2007)
- *Rabe v. Downey Savings & Loan, et. al.,* (S.D. Cal. 2007)
- *Bunten v. American National Insurance Co., et. al.,* San Diego Superior Court (2007)
- *Peterman v. Midland Insurance Co., et. al.,* a class action, Los Angeles, Superior Court (2006)
- *Villard v. McBurnie, et. al.,* San Diego Superior Court (2006)
- *Boach v. Financial Freedom Senior Funding Corporation*, San Diego, Superior Court 2007.  The *Boach* case was one of first cases filed in the country regarding financial elder abuse as to the misuse of a reverse mortgage to fund investment products such as deferred annuities [The U.S. Senate, Committee on Aging, Senator McCaskill, recently held hearings on this exact issue on December 12, 2007, which Plaintiff's counsel attended]  Nothing in this workload was seen as a reason to neglect the instant case or to disregard an order of this Court.

Furthermore, even if Defense counsel did have a busy work schedule, this does not constitute "good cause" for amending the scheduling order.  The court held in Dag Enterprises, Inc. v. Exxon Mobil Corp., D.D.C., 226 F.R.D. 95, 107 (2005) as follows:

> ". . .the fact remains that to demonstrate diligence under Rule 16(b)'s "good cause" standard, the movant may be required to show the following: (1) that the movant was diligent in assisting the Court in creating a workable Rule 16 order. . . (2) that the movant's noncompliance with a Rule 16 deadline occurred, or will occur, notwithstanding the movant's diligent efforts to comply because of matters which *could not have been reasonably foreseen or anticipated* at the time of the pretrial scheduling conference, and (3) that the movant was diligent in seeking amendment of the Rule 16 order once it became apparent that the movant could not comply with the order."
> (Emphasis in the original.)  Accord: Olgvay v. Society for Environmental Graphic Design, 169 F.R.D. 219 (D.D.C. 1996).

Defendant meets none of the three requirements.  On November 30, 2007, Defendant requested that this Court extend its filing deadline to December 19, 2007.  If December 19 was not a workable deadline, then Defendant certainly failed the first requirement in that it lacked diligence in assisting the Court in setting a reasonable deadline less than three weeks before it would claim that the deadline could not be met.

Defendant has not even made allegations that address the second diligence requirement of matters which could not have been reasonably foreseen or anticipated. There has been no claim that counsel could not have reasonably foreseen or anticipated his own work schedule.  The cases cited appear to have been ongoing cases that existed in November and that therefore follow their own scheduling orders.  There has been no showing that the interlocutory appeal has been unduly burdensome or that it was even unknown on November 30th.  There is nothing further on Defense counsel's list that suggests that he is working on anything that wasn't completely foreseeable.

Defendant was not diligent in seeking an amendment of the Order.  In fact, by waiting until December 19, 2007, the very afternoon when its pleading was due, and then filing a motion for an enlargement of time, Defendant has simply disregarded a filing deadline without timely seeking Court consent to do so.

**II.     Defendant has a History of Unreasonable Delay in this Case**

As the Court is well aware, this is the second time in the same case that this Defendant has missed a filing deadline pertaining to Motions for Summary Judgment. The first missed deadline occurred in the fall of 2006 when Defendant failed to file its Motion for Summary Judgment in accordance with the Pretrial Order. As with this second instance, Defendant failed to meet any of the three requirements for diligence enumerated above. It simply waited until it was in noncompliance with this Court's order and then asked the Court to retroactively sanction its failure to meet an important deadline.

Although Defendant was not granted the extravagant three month time enlargement it sought, Defendant did receive an extension and did receive a considerable strategic advantage as a result of its own dilatory conduct. Defendant was able to depose Plaintiff after having read her Motion for Summary Judgment and her affidavit, and it was able to compose its own Motion with the advantage of having had weeks in which to study all of Plaintiff's legal arguments and exhibits. When this Court granted Defendant's Motion for extension following an oral telephonic hearing, the Court sternly warned Defendant not to repeat its dilatory behavior. Although defense counsel in this case has changed, this warning should extend to Defendant and the Department of Justice which represents Defendant. Apparently, however, the Defendant and D.O.J. do not agree, since replacement counsel from the same office in the same case has now ignored the Court's warning and repeated the violation of last year. Once again it asks this Court to retroactively sanction its failure to meet its deadline. The only change is that this time

4

the deadline is one specifically requested by Defense counsel less than three weeks earlier.

Moreover, had current Defense counsel been diligent about following the requirements of the mediator, which Defense counsel himself had requested, there might not have been a need for any further litigation. On November 16, 2007, all counsel in this case received an email from Terry Michael which gave the assigned mediator's name and contact information. The final sentence of the email was, "Please get in touch with your mediator to schedule a meeting." See Exhibit A. Plaintiff's counsel promptly contacted the mediator and discussed mediation dates. At the time, the mediator told her that he wished to schedule mediation on December 17, 2007. On November 26, 2007, the mediator sent a letter to all counsel proposing a mediation date of December 17, 2007 and instructing counsel to inform him if this date was not convenient. See Exhibit B.

Dr. Norden prepared to go to mediation on that date. Because she suffers from both a Major Depressive Disorder and Post Traumatic Stress Disorder primarily caused by Defendant's illegal discrimination against her, and because the five years she has already spent trying to rectify that discrimination have exacerbated her trauma, she was especially hopeful that she could resolve this case by the end of 2007. On December 13, 2007, all counsel received an email letter from the mediator which stated in part, "When I didn't receive any response from Mr. Valdez, I contacted him this morning. Evidently, Mr. Valdez did not receive my November 28 correspondence, and he is unavailable on December 17. To ensure his availability, I have re-set the mediation for January 10. . .". See Exhibit C.

5

Had Defense counsel contacted the mediator when instructed to do so, his subsequent failure to receive the mediator's correspondence would have been a moot point, as the two men would have already discussed the December 17th date. Dr. Norden understood that her hope of enjoying her first Christmas in five years without anguishing over the results of the discrimination against her, and of beginning the year 2008 free of her extremely painful entanglement with the Smithsonian, had been dashed because opposing counsel had not been in contact with the mediator in regard to mediation dates. She experienced an increased sense of helplessness, anxiety, and depression as a result. The Smithsonian's pattern of cavalier conduct toward Dr. Norden and toward its own legal obligations has been continued by the Department of Justice attorneys representing the Smithsonian in this case. The Court is now being asked to sanction such behavior once again.

### III.   Defendant Asks this Court to Hold the Plaintiff to a Higher Legal Standard than it Holds the Government

The final legal issue is one raised by Dr. Norden herself. She points out that Defendant's Motion for Summary Judgment is based entirely on the allegation that she missed a filing deadline. The attorneys representing Defendant have now twice, in the same case, done the same thing that they accuse a completely inexperienced lay person of doing. The result of their first failure to make a timely filing was to receive a significant strategic advantage against her in this case, along with a warning not to do the same thing again. They have now done the same thing again, and seek to have a second extension of 19 days as a result. What they seek for Dr. Norden as a result of her one alleged failure to meet a filing deadline is that she be denied all redress for the severe and physically and emotionally damaging discrimination she suffered in 2002.

6

Under the circumstances, the effect of these repeated failures to file, or to seek a timely enlargement of time, is an attempt to get this Court to require one party to adhere to a dramatically higher standard of legal responsibility than it requires of the other. Such a requirement would not be "ironic." It would be unjust.

**IV.** <u>**Conclusion**</u>

For all of the above reasons, the Court should deny the defendant's motion.

Dated: December 20, 2007               Respectfully submitted,

                                                                                         /s/   Alex Sliheet
Alex T. Sliheet, D.C. Bar No. 438977
Vickie Inge Fang, *pro hac vice*
Attorneys for Plaintiff Beth Norden
8702 Nightingale Drive
Lanham, MD  20706
alexsliheet@yahoo.com
fvickie@comcast.net
(301) 552-4908