Law Offices
# KALIJARVI, CHUZI & NEWMAN, P.C.

JUNE D.W. KALIJARVI ◊
GEORGE M. CHUZI
ELIZABETH L. NEWMAN
ELAINE L. FITCH *

MICHELLE L. PERRY ◊ □
KATHLEEN C. CALLAHAN [1]
HEATHER G. WHITE [2]
TRACY L. GONOS [2]

OF COUNSEL:
FRANCINE K. WEISS □

◊ ALSO ADMITTED IN VIRGINIA
□ ALSO ADMITTED IN MARYLAND

SUITE 610
1901 L STREET, N.W.
WASHINGTON, D.C. 20036
(202) 331-9260
------
FAX: (202) 331-9261
EMAIL: GCHUZI@KCNLAW.COM

524 KING STREET
ALEXANDRIA, VIRGINIA 22320

SUITE 200
2273 RESEARCH BOULEVARD
ROCKVILLE, MARYLAND 20850

* ALSO ADMITTED IN CALIFORNIA
[1] ALSO ADMITTED IN PA AND NJ
[2] ALSO ADMITTED IN NY

November 26, 2007

Vicki Inge Fang, Esq.
8702 Nightingale Drive
Lanham, MD 20706

*via e-mail*
fvickie@comcast.net

Alex Tanas Sliheet, Esq.
Law Office of Ronald Marron
3636 Fourth Avenue, Suite 202
San Diego, CA 92103

*via e-mail*
alexsliheet@yahoo.com

Darrell C. Valdez, Esq.
U.S. Attorney's Ofice
555 Fourth Street, N.W.
Washington, D.C. 20530

*via e-mail*
Darrell.Valdez@usdoj.gov

    Re: *Norden v. Samper*

Gentlemen and Ms. Fang:

    I have been selected by the District Court to serve as the Mediator in this case. By Order of the Court, this process must be concluded on or before February 3, 2008. Please read this letter carefully.

    As you are no doubt aware, my role as a Mediator is solely as a facilitator to assist the parties in resolving the differences between them. I have no power to bind the parties, all of our communications are privileged and confidential, and I am prohibited from providing any information about your case to Judge Collyer. As I understand it, the Court has granted summary judgment for plaintiff on the issue of liability, and I am trying to obtain an agreement with respect to remedies.

Vicki Inge Fang, Esq.                                                                                                Page 2
Darrell C. Valdez, Esq.
Alex Tanas Sliheet, Esq.
November 26, 2007

      I propose that we meet regarding your case on Monday, December 17, 2007, in my office, at 10:00 am.  Please let me know if this date is not convenient for you.  Ten days prior to the meeting, please e-mail to me your statement of your legal position (what you think will be the likely remedy awarded in this case, if it proceeds to judgment, and why) and your mediation position (what you are prepared to accept as a reasonable settlement).  Your statements will be treated confidentially and will not be shared with the other side.

      Defense counsel must ensure the attendance of a person who has authority to enter stipulations and to bind defendant in a settlement.  If the Government cannot do this, and the U.S. Attorney's Office does not have settlement authority, please let me know prior to the mediation how the Government intends to effect a settlement.  Plaintiff's counsel must also ensure the availability of the plaintiff.  I would like to know in advance how many persons will be attending for your sides.

      We will conduct our Mediation informally, but in an orderly fashion.  The Rules of Evidence do not apply, and each counsel will be given a full and fair opportunity to explain the strengths of his case.  No cross-examination is permitted, and I will likely talk to the parties separately.  Hopefully, the session will be conducted as a discussion, rather than an argument.  It's not my role to engage in fact-finding, though if – based on my experience – I conclude that the parties' positions have strengths or weaknesses, I will share my conclusions privately to expedite settlement.

      I look forward to serving you in this capacity.  Please let me know promptly if you have any problems with any of the matters I have set forth above.

      Sincerely yours,

      *George Chuzi*

      George M. Chuzi