UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETH M. NORDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-1232 (RMC) |
| ) | |
| CRISTIAN SAMPER, ACTING SECRETARY ) | |
|   SMITHSONIAN INSTITUTION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION TO HOLD PLAINTIFF'S CROSS-MOTION
FOR SUMMARY JUDGMENT IN ABEYANCE PENDING RESOLUTION
OF DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 6(b) and the Court's inherent authority, Defendant, by and through undersigned counsel, respectfully moves this Court to hold Plaintiff's Cross-Motion for Summary Judgment in abeyance pending a determination upon Defendant's Renewed Motion for Summary Judgment. Specifically, because the determination of the Defendant's Motion regarding Plaintiff's failure to exhaust her administrative remedies may be dispositive of the remaining claim in this matter, Defendant requests that the Court hold in abeyance Plaintiff's Cross-Motion and stay the deadline for Defendant's response to Plaintiff's Cross-Motion pending a ruling on the exhaustion issue. In support of this Motion, Defendant respectfully refers this Court to the Memorandum of Points and Authorities below.

Pursuant to Local Rule 7(m), counsel for the Defendant attempted to contact Plaintiff's counsel to discuss the above motions. Plaintiff's counsel did not return government counsel's telephone calls or e-mails.

A proposed order consistent with this motion is attached.

## MEMORANDUM OF POINTS AND AUTHORITIES

1.	Plaintiff filed an Amended Complaint on August 22, 2006, alleging that Defendant failed to accommodate her disability under section 501 of the Rehabilitation Act, 29 U.S.C. § 791 and retaliated against her for participation in protected activity.  See Am. Compl. ¶¶ 142-163.

2.	On August 3, 2007, this Court denied Defendant's Motion for Summary Judgment. With respect to the claims regarding the 2002 return to work, the Court denied summary judgment because the Court found that a material fact remained in dispute as to Plaintiff's knowledge of the 45-day requirement for contacting an Equal Employment Opportunity (EEO) Counselor, specifically, whether the language on the Smithsonian's EEO posters was reasonably geared towards informing Plaintiff of the 45-day deadline.  August 3, 2007, Mem. Op. at 21.

3.	On October 18, 2007, Defendant filed a Renewed Motion for Summary Judgment on the 2002 return to work claim, providing the Court with photographs of the actual Smithsonian posters located throughout Plaintiff's workplace, and further providing information regarding the availability of EEO information on the Smithsonian's intranet website, which demonstrated that Plaintiff was (at least) on constructive notice of her obligation to seek informal EEO counseling within 45 days of the alleged discriminatory event.

4.	In response to Defendant's Motion, Plaintiff filed a Cross-Motion for Summary Judgment and an Opposition to Defendant's Motion for Summary Judgment on November 19, 2007.  Dkt. Nos. 42 and 47.

5.     As a threshold matter, this Court should determine the initial issue raised by Defendant in his Renewed Motion for Summary Judgment as to whether Plaintiff exhausted her administrative remedies.  Herron v. Veneman, 305 F. Supp. 2d 64, 71 (D.D.C. 2004). Determination of that issue in favor of Defendant would be dispositive of the remaining claim in this case, and resolution of it might make it unnecessary to consider the merits of Plaintiff's cross motion.  To save the time of the Court and reduce the expenses of the parties, it is, therefore, appropriate to hold in abeyance (or deny without prejudice) the cross motion until the threshold exhaustion issue is resolved. Compare Webb v. Hyman, 861 F. Supp. 1094, 1120 (D.D.C. 1994) (discussing the standards for bifurcation under Rule 42(b)).

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendant respectfully requests that the Court hold Plaintiff's Cross-Motion for Summary Judgment in abeyance, and order that Defendant need not file an opposition thereto until the Court has ruled on Defendant's dispositive motion.

                        Respectfully submitted,


                        /s/ Jeffrey A. Taylor
                      JEFFREY A. TAYLOR, D.C. BAR # 498610
                      United States Attorney


                        /s/ Rudolph Contreras
                      RUDOLPH CONTRERAS, D.C. BAR # 434122
                      Assistant United States Attorney


                        /s/ Darrell C. Valdez
                      DARRELL C. VALDEZ, D.C. BAR # 420232
                      Assistant United States Attorney
                      Judiciary Center Building
                      555 4th St., N.W., Civil Division
                      Washington, D.C. 20530
                      (202) 307-2843

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETH M. NORDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-1232 (RMC) |
| | ) |
| CRISTIAN SAMPER, ACTING SECRETARY SMITHSONIAN INSTITUTION, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Upon consideration of Defendant's Motion to Hold Plaintiff's Cross-Motion for Summary Judgment in Abeyance Pending Resolution of Defendant's Renewed Motion for Summary Judgment; and the Court having found that it is in the interest of judicial economy to rule on Defendant's Renewed Motion for Summary Judgment prior to considering Plaintiff's Cross-Motion, it is this _____ day of _____, \_\_\_\_\_, hereby

ORDERED, that the Defendant's Motion to Hold Plaintiff's Cross Motion for Summary Judgment in Abeyance is hereby GRANTED, and it is further

ORDERED that Plaintiff's Cross-Motion for Summary Judgment is hereby STAYED, pending further order of the Court.

_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE