**Section 60A2.1-4  Accommodation**

| | | |
|---|---|---|
| **A.** | **Policy** | Federal policy regarding the employment of handicapped persons advocates that Federal agencies attempt to retain disabled employees by accommodating their disability.  Therefore, the agency must exhaust all reasonable efforts to alleviate any service deficiencies through accommodation before it counsels an employee to seek disability retirement or supports an employee's request for disability retirement. |
| **B.** | **Reasonable Accommodation** | "Reasonable accommodation" is any action that the agency would be obligated to take under the Rehabilitation Act of 1973 (29 U.S.C.§§701 et seq).  An accommodation is an adjustment made to a job and/or work environment that enables a qualified handicapped person to perform the duties of that position.  Reasonable accommodation obligations apply both to the employee's current position and to any vacant position to which the employee could be reassigned.  (See section 60A2.1-5 below for a discussion of reassignment.) |
| **C.** | **Examples of Reasonable Accommodation** | Reasonable accommodations may include, but are not limited to -- <br><br>• Modifying the work site; <br><br>• Adjusting the work schedule; <br><br>• Restructuring the job; <br><br>• Acquiring or modifying equipment or devices; <br><br>• Providing interpreters, readers, or personal assistants; and <br><br>• Reassigning or retraining the employee. |
| **D.** | **Job Analysis** | If the agency has prepared a job analysis for accommodation purposes, the analysis should be submitted to OPM, together with the application and other supporting documents. |
| **E.** | **Notice to OPM of Successful Accommodation** | If the agency is successful in accommodating the employee after the disability retirement application has been forwarded to OPM, the agency **must** immediately notify OPM of the successful accommodation. |

**Section 60A2.1-5  Reassignment**

| | | |
|---|---|---|
| **A.** | **Policy** | In addition to accommodation (section 60A2.1-4), Federal policy regarding the employment of handicapped persons dictates that agencies make every effort to retain the services of these employees through reassignment to other available positions. |
| | | Thus, when an employee initiates an application for disability retirement, the employing agency must review all vacant positions under its jurisdiction, at the same grade or pay level and tenure in the commuting area, to determine if the employee meets the minimum qualification standards for any vacant position. |
| | | NOTE: An agency is not obligated to create a position for a disabled employee. |
| **B.** | **When Employee Deemed Qualified for Reassignment** | For disability retirement purposes, an employee is deemed "qualified for reassignment" when he or she meets the minimum requirements for the grade and series of the vacant position in question. (See section 60A1.1-2, paragraph G.) |
| | | In considering qualifications for another position, the agency may consider requirements for mobility or travel that are precluded by the employee's medical condition. |
| **C.** | **Time Limit on Search for Vacant Position** | OPM prescribes no minimum time for which an employee must be given special consideration for placement in a vacant position since a reasonable attempt to place an employee depends on the facts in each individual case. |
| | | Nevertheless, consideration for placement should continue at least until the agency receives OPM's notification that the disability claim has been allowed. Furthermore, placement is limited only by agency authority and can occur after OPM's allowance of the application. |
| **D.** | **When Agency Identifies Vacant Position** | 1. If the agency identifies an available vacant position for which the employee is minimally qualified, but has questions concerning his or her knowledge, skill, or ability to perform successfully, the agency should first detail the employee to the position. |
| | | 2. In the event the agency is successful in reassigning the employee (with or without first detailing him or her), the application for disability retirement and supporting documents should be returned to the employee since there is no eligibility for disability retirement when there is a qualifying vacancy available. |

**Section 60A2.1-5  Reassignment (Cont.)**

| | | |
|---|---|---|
| **D.** | **When Agency Identifies Vacant Position (Cont.)** | 3. If, despite the agency's decision that it has successfully accommodated the employee's disability, the employee insists that the application be sent to OPM for a determination, the agency should submit the application and all supporting documents to OPM, together with its opposition to the application stating the accommodation efforts provided, or the reasons the agency believes that no accommodation or reassignment efforts are needed. |
| **E.** | **Employee Refusal to Accept Vacant Position** | If the agency locates one or more vacant positions at the same grade or pay level and in the same commuting area for which the employee is qualified for reassignment, but the employee refuses reassignment, the employee's refusal terminates the agency's obligation to identify any other vacant position as an alternative to disability retirement. |
| | | The agency should notify OPM of the employee's refusal, provide any evidence the employee submitted in support of his or her refusal, and then proceed with whatever personnel action is appropriate, since OPM will not approve an application for benefits when any employee has refused a reassignment for which he or she is qualified. |
| **F.** | **Agency Decision Not to Place Employee in Vacant Position** | 1. Under very limited circumstances, the agency may decide not to offer a vacant position to an employee who meets the qualification standards.  Appropriate situations include but are not limited to-- |
| | | • Selection of another employee with a higher priority placement right; |
| | | • Nonselection because the medical condition precludes performance in the available vacant position; |
| | | • Nonselection because one or more critical elements of the new position are the same as those the employee performs unsuccessfully in the present position; |
| | | • Non selection because a disciplinary removal action has been initiated; or |
| | | • An agency decision not to recruit internally or externally to fill the position. |
| | | 2. If an agency chooses not to reassign the employee, the agency must identify the positions for which the employee is qualified and give the reasons why reassignment was not effected. |

**Section 60A2.1-5  Reassignment (Cont.)**

| | | |
|---|---|---|
| G. | **Competing Applicants for Vacant Position** | In the case of competing priorities among employees and disability applicants for the same position (for example, another employee has a high priority placement right), the agency should follow its own internal procedures in making a selection. However, an agency may not decline to place an employee in a vacancy solely because better qualified candidates are available. |
| H. | **Placement in Lower Grade or Pay Level** | Where possible, agencies are encouraged to attempt to place an employee in a position at a lower grade or pay level to retain the employee in a productive capacity. Pay retention may be offered at agency discretion when doing so would be of mutual benefit to the agency and employee. |
| | | Appropriate circumstances may exist when the employee can be placed in a new career ladder, when the employee can be provided training that would result in repromotion, or when the employee is expected to recover from a disabling condition. (The usual merit competitive procedures described in 5 CFR Part 335, or equivalent procedures for an employee not covered by these procedures, apply.) |
| | | An employee may decline an offer of a position at a lower grade or pay level, a position of lesser tenure, or a position in another agency or commuting area, without affecting his or her eligibility for disability retirement. |
| I. | **Acceptance of Position at Lower Grade or Pay Level** | The employee must be counseled that voluntary acceptance of a position at a lower grade or pay level terminates consideration for disability retirement. Likewise, placement in a position at a lower grade or pay level under adverse action or equivalent procedures prior to the submission of an application to OPM precludes consideration of the retirement application. |
| | | Consequently, the agency should obtain a written statement from the employee to show that he or she was aware of the effect the voluntary acceptance of a position at a lower grade or pay level would have on his or her application for disability retirement. |
| | | NOTE: After an application is filed with OPM, involuntary placement in a position at a lower grade or pay level under Parts 351, 431, or 752 of OPM's regulations (or equivalent procedures for an employee not covered by these procedures) does not affect consideration of the application. |

**Section 60A2.1-5  Reassignment (Cont.)**

| | | |
|---|---|---|
| **J.** | **Positions in Other Federal Agencies** | Agencies are strongly encouraged to provide assistance to employees in locating positions for which they are qualified in other Federal facilities in the commuting area. |
| **K.** | **Notice to OPM of Successful Reassignment** | Notice of successful placement should be promptly communicated to OPM, if the disability application has already been submitted to OPM. |