UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Beth Norden, Ph.D.
   Plaintiff

v.                                      Civil Action No. 051232 (RMC)

Lawrence Small,
Secretary of the Smithsonian
   Defendant

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT'S
REQUEST FOR DOCUMENT PRODUCTION**

COMES NOW Plaintiff, Beth Norden, Ph.D., by and through counsel, and serves the following answers and objections to Defendant's Request for Document Production.

**GENERAL OBJECTIONS**

1. To the extent that any request or definition calls for production of "each" and/or all "all" persons, individuals, incidents, documents or other things of any kind whatsoever, Plaintiff objects on the following grounds:

(a) The request seeks documentation that is not relevant to the subject matter and is not reasonably calculated to lead to the discovery of admissible evidence;

(b) The request is overbroad;

(c) The request is unduly burdensome.

2. To the extent that any request may be construed as calling for documentation which is subject to a claim of privilege, right to privacy or otherwise immune

from discovery, Plaintiff claims such privilege and objects to such request on that basis. Inadvertent production of privileged documents or information by Plaintiff shall not constitute waiver of any applicable privilege.

3. Plaintiff has made a reasonable search of her files, and on this basis has prepared these responses to Defendant's Request for Production of Documents. All of the documents contained herein are based only on such information and documentation as is presently available and specifically known to Plaintiff. It is anticipated further discovery, investigation, legal research and analysis will supply additional facts, add meaning to known facts, and will establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The following responses are given without prejudice to Plaintiff's right to produce evidence of any additional information which Plaintiff may later discover. Accordingly, Plaintiff reserves the right to change any and all responses herein as additional facts are ascertained, analyses made, legal research completed and contentions made.

4. Plaintiff's partial response to any of Defendant's Requests is not to be deemed a waiver of her right to object to the balance of any Request.

5. This production is limited to documents that have not been previously to Plaintiff by Defendant and documents that were not part of Plaintiff's more than 700 page initial disclosure to Defendant.

6. Plaintiff incorporates by reference the foregoing objections into each of the responses set forth below.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce each and every document identified in responses to Defendant's First Set of Interrogatories and label each document to indicate the interrogatory or interrogatories to which the document relates.

Objection in that Defendant's First Set of Interrogatories does not request the identification of documents. Objection notwithstanding, documents which are referenced in Plaintiff's Answer to Interrogatories and which are not already in Defendant's possession are produced.

2. Produce each and every document that you believe substantiates the allegations contained in your Complaint and indicate to which paragraph in the complaint the documents relate.

Objection. Over 700 documents were produced by Plaintiff, and thousands of documents were produced by Defendant, making this an overburdensome request. In addition, there are over 160 paragraphs in the Complaint, making this Request an improper, multiple part question.

3. Produce each and every document prepared by you which relates or refers to the incidents, conduct or work environment giving rise to your claims, including but not limited to any and all handwritten or typed notes, diaries, journals, logs, letters,

memoranda and other documents, regardless of when such documents were prepared.

Objection as to all material prepared for trial or as part of Plaintiff's privileged communications with attorneys or spouse. Other such documents not already in Defendant's possession are produced.

4. Produce each and every document you intend to use as an exhibit at the trial in this matter.

Objection. Plaintiff does not yet know which documents will be used at trial. Plaintiff is mindful of her ongoing obligation to supplement these requests.

5. Produce each and every document in your possession relating to any formal or informal claim, charge or complaint against an employer, other than those at issue in this matter, that you have filed.

Plaintiff understands this to be a request for documents relating to a formal or informal claim, charge, or complaint made through the EEO, EEOC, or the court system. No such formal or informal claim, charge, or complaint has been filed against an employer.

6. Produce all documents exchanged by and/or between you and any EEO or Smithsonian employee concerning any of your administrative complaints of discrimination or retaliation.

Objection, all documents exchanged between the parties should be in Defendant's possession and should have been produced in response to Plaintiff's document production request in response to Production Request Number 6.

7. Produce each and every document that you believe supports your claim for damages, including but not limited to records that support your answers to defendant's interrogatories.

Objection, the majority of the documents that support my claim for damages are in the defendant's possession, and some of them have not yet been produced to me despite my Document Production Request Number 16. Documents which may not be in Defendant's possession are produced.

8. Produce each and every document relevant to any claim raised in the Complaint that has not been produced in response to Requests 1 through 7 above.

Objection in that this request is overbroad and overburdensome and that it relies upon legal determinations that Plaintiff's counsel may not yet have formulated. Objection notwithstanding, documents which Plaintiff currently recognizes as relevant to her

complaint and which is not already within Defendant's possession and which are not part of her medical files are produced.

9. Complete a copy of the enclosed medical records release authorization form with all pertinent information and return them to counsel for defendant. With respect to the medical records release forms, copy and complete a form with respect to each relevant health care facility.

This document was produced on August 19, 2006.

I, Beth Mary Norden, declare under penalty of perjury, that the foregoing document production to defendant's request for document production is true and correct.

*Beth Mary Norden*
Beth Mary Norden

*18 Sept. 2006*
Date

Respectfully submitted,

*Alex Sliheet*
Alex Sliheet, Esq.
Bar no. 438977

Vickie Fang, Esq.
Attorneys for Beth Norden
8702 Nightingale Drive
Lanham, MD 20706
(301) 552-4908
fvickie@comcast.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing Plaintiff's Answers and Objections to Defendant's Interrogatories to John Henault, Esq. this 18th day of September, 2006 by email and by prepaid mail to the following address:

Department of Justice
555 4th Street, N.W.
Washington, D.C. 20530

_____
Vickie Fang