

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036



Beth M. Norden,
Complainant,

v.

Lawrence M. Small,
Secretary,
Smithsonian Institution,
Agency.

Appeal No. 01A44553
Agency No. 03-20-082603

DECISION

Complainant filed a timely appeal with this Commission from the final agency decision dated May 24, 2004, dismissing her formal complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.*

On April 7, 2003, complainant initiated contact with an EEO Counselor. On August 26, 2003, complainant filed a formal complaint, claiming that she was the victim of unlawful employment discrimination on the bases of sex and disability.

In a final decision dated November 4, 2003, the agency determined that the instant complaint was comprised of two claims, identified in the following fashion:

    1. On or about June 22, 2002, while complainant was requesting a reasonable accommodation, she was subjected to a comment that she was probably going through menopause and was probably more emotional than she otherwise should be; and

    2. On November 30,. 2002, her "light duty" status was terminated.

The agency dismissed complainant's complaint on the grounds of untimely EEO Counselor contact.

2                                                                           01A44553

On appeal, the Commission determined that the agency's final decision contained an unsupported statement that it posted relevant information describing the time limit for contacting an EEO Counselor. The Commission found that it could not determine the timeless of complainant's EEO contact without evidence of whether the agency placed posters in a particular worksite or that complainant was otherwise informed of the EEO process and the applicable time limits. The Commission vacated the agency dismissal and remanded the complaint. The Commission ordered the agency to conduct a supplemental investigation with respect to whether the complainant had constructive or actual notice of the time limits for contacting an EEO Counselor. *Norden v. Smithsonian Institution*, EEOC Request No. 01A41096 (March 31, 2004).

On May 24, 2004, the agency issued the instant final decision. The agency again dismissed complainant's complaint on the grounds of untimely EEO Counselor contact. The agency found that complainant was fully aware of the EEO time limits because she previously participated in the EEO process in 1998, when she filed a sexual harassment complaint against the agency. The agency further found that EEO posters addressing the time limitation period were conspicuously displayed throughout the building that complainant worked. In support of this argument, the agency submits a recent EEO poster (addressing the forty-five-day limitation period) as an example of the type of posters that had been on display. The agency also provided affidavits issued by various agency employees attesting that EEO posters were prominently displayed in various well traveled locations available to complainant, including the elevators in complainant's building; the main floor located at the entrance of the staff cafeteria; all department bulletin boards; the third floor where all meeting and gatherings are held; and on the six floor outside the Office of the Associate Director for Research and Collections. The agency also provided copies of the agency's internal website, which was available to all employees and contained EEO information with the applicable time limit for initiating EEO contact.

On appeal, complainant, through her attorney, contends that the agency's pattern of not providing reasonable accommodation makes her initial EEO Counselor timely because her claim is part of a continuing violation. Complainant also contends that EEO posters were not posted in areas normally used by complainant.

It is the Commission's policy that constructive knowledge will be imputed to an employee when an employer has fulfilled its obligation of informing employees of their rights and obligations under Title VII. *Thompson v. Department of the Army*, EEOC Request No. 05910474 (Sept. 12, 1991) (citing *Kale v. Combined Ins. Co. of America*, 861 F.2d 746 (1st Cir. 1988) ). The agency has the burden of producing sufficient evidence to support its contention that it fulfilled its statutory duty of conspicuously posting EEO information or that it otherwise notified complainant of her rights.

Here, the agency has presented sufficient evidence showing that complainant had constructive notice of the time limit for contacting an EEO Counselor. The record contains an affidavit from a named Management Support Specialist, Zoology Department, who stated that an EEO Poster was placed in the hallway outside her office, which complainant visited on various occasions prior

to 2002. The record also contains an affidavit from a Program Analyst, Operations Office, attesting that an EEO poster was posted on all department bulletin boards. The record contains a copy of the agency's EEO poster which notifies employees of their EEO Rights and Responsibilities and informs them that they must contact the EEO Office within forty-five calendar days of the date of the alleged discriminatory act or the effective date of a personnel action. The record therefore supports a determination that EEO posters were displayed in prominent locations available to complainant, and her failure to review the posters does not justify an extension of the time limit.

Accordingly, the agency's decision dismissing complainant's complaint is **AFFIRMED**.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

4                                                                01A44553

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

_____
Carlton M. Hadden, Director
Office of Federal Operations

FEB 0 2 2005
_____
Date

5                                                                                                     01A44553

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

FEB 0 2 2005
_____
Date

*[signature]*
_____
Equal Opportunity Assistant