## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BETH M. NORDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05cv1232 (RMC) |
| | ) | |
| CRISTIAN SAMPER, ACTING SECRETARY | ) | |
| SMITHSONIAN INSTITUTION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### DEFENDANT'S MOTION TO STRIKE AND FOR SANCTIONS

Comes now defendant Cristiàn Samper, Acting Secretary of the Smithsonian Institution, and pursuant to Federal Rule of Civil Procedure 37(c), and moves to strike from the record the February 10, 2003, letter from Andrew Goodman to Angela Roybal and all testimony referencing it, as a sanction for not disclosing such evidence in discovery as required by Federal Rule of Civil Procedure 26. Moreover, because Plaintiff's failure to produce the document in response to discovery requests has substantially prejudiced Defendant's ability, at this late stage in the proceedings, to obtain discoverable evidence and to prepare a complete defense to Plaintiff's claim of timeliness, Defendant further requests sanctions under Fed. R. Civ. P. 37(c), and requests that the Court dismiss the remaining counts of Plaintiff's complaint.

### I. Background

During discovery in this matter, requests were made by Defendant which, fairly read, call for the production of all EEO informal complaints made by Plaintiff in this matter. Specifically, Defendant submitted the following interrogatory to Plaintiff:

3.    For each act [of alleged discrimination], identify the date you sought informal counseling relating to such an act, the date you received your right to file a formal complaint of discrimination and the date you filed a formal complaint of discrimination.

In response to the interrogatory, Plaintiff specifically stated that she first filed an informal

complaint on "April 7, 2003." See Plaintiff's Responses to Defendant's Interrogatories, attached

hereto.

Additionally, Defendant served a Request for Production of Documents upon Plaintiff

requesting the following:

1.    Produce each and every document identified in response to Defendant's First Set of Interrogatories and label each document to indicate the interrogatory or interrogatories to which the document relates.

2.    Produce each and every document that you believe substantiates the allegation contained in your Complaint and indicate to which paragraph the complaint the documents relate.

6.    Produce all documents exchanged by and/or between you and any EEO or Smithsonian employee concerning any of your administrative complaints of discrimination or retaliation.

In response to these requests, Plaintiff produced only evidence related to the April 7, 2003

informal complaint. See Plaintiff's Responses to Defendant's Request for Production of

Documents, attached hereto.

Further, throughout the post-discovery proceedings in this matter, Plaintiff has repeatedly

asserted and admitted, through affidavits and other pleadings, that she first contacted an EEO

counselor in April 2003. See Plaintiff's Motion for Summary Judgment (Dkt. No. 17) at 17 ("Dr.

Norden filed her first informal complaint in April of 2003"); Plaintiff's Statement of Material

Facts Not at Issue (Dkt. No. 18) at ¶ 59 ("In April of 2003, Dr. Norden filed an informal

complaint for failure to accommodate and retaliation"); Affidavit of Beth Norden (attached to Plaintiff's initial Motion for Summary Judgment at ¶ 34 ("In April of 2003, I filed an informal complaint for failure to accommodate and retaliation"). Notably, throughout these prior matters, Plaintiff presented no evidence or argument that any EEO contact occurred prior to that date.

On November 19, 2007, in support of her "Opposition Memorandum and Cross Motion for Summary Judgment" Plaintiff attached a February 10, 2003, letter from Bruce Goodman, Esq., addressed to Angela Roybal, a complaint counselor at the Smithsonian Institution. See Ex. 1 to Plaintiff's Opposition Memorandum and Cross Motion for Summary Judgment (Dkt. No. 43). Plaintiff offers the letter as evidence that she contacted a counselor within 45 days of the alleged discrimination, a threshold issue in the case. Plaintiff did not produce the letter in her initial disclosures or during discovery. Plaintiff did not reference the letter or provide it in support of her initial motion for summary judgment (which included an argument with respect to exhaustion of administrative remedies) or in her response to the Smithsonian's Opposition and Cross Motion for Summary Judgment. Nor did Plaintiff reference the letter or provide it during the administrative phase of this case, in which she twice appealed to the Office of Federal Operations of the Equal Employment Opportunity Commission the issue of timely contact with an EEO counselor.[1] Indeed, Plaintiff concedes all of this in her latest motion. See Plaintiff's

---

[1]    In light of the extensive administrative proceedings, there can be no question that Plaintiff and her current counsel were aware that evidence of timely contact with an EEO Counselor was material to the case in its earliest stages. The Smithsonian Office of Equal Employment and Minority Affairs (OEEMA) issued a final agency decision dismissing Plaintiff's April 2003 complaint for failure to timely contact a counselor. Plaintiff appealed to the Office of Federal Operations, which vacated and remanded the case for investigation into whether Plaintiff knew of should have known about the 45 day period in March 2004. OEEMA completed a Report of Investigation and issued a second Final Agency Decision again dismissing the claim based on evidence of posters in the ROI. Plaintiff appealed that decision to OFO and lost, then requested reconsideration, which was denied. See Def. Ex. 1 (OFO February 2, 2005 Opinion), and Def. Exh. 2 (March 22, 2005, Denial of Reconsideration).

Opposition Memorandum and Cross Motion for Summary Judgment (Dkt. Nos. 42 and 47) at 8.

Rather, Plaintiff has offered *no* explanation why the letter, which purportedly has been in her

possession for almost five years, did not come to light until November 2007.

## II. <u>Authorities</u>

The Federal Rules of Civil Procedure require parties to produce relevant documents and

other relevant material in response to another parties' discovery requests.  <u>See</u> Fed. R. Civ. P.

26(b), 33(b), and 34(b).  Federal Civil Rule 26(e) requires a party who has made an initial

disclosure or responded to a request for discovery to supplement its disclosure or response if that

party learns that in some material respect the information previously disclosed is incomplete.

Fed. R. Civ. P. 26.

Federal Rule of Civil Procedure 37(c) provides:

A party that without substantial justification fails to disclose information required
by Rule 26(a) and 26(e)(1) or to amend a prior response to discovery as required
by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as
evidence at a trial, or at a hearing, or on a motion any witness or information not
so disclosed.

Fed. R. Civ. P. 37(c).  "Rule 37(c)(1) is a self-executing sanction, and the motive or reason for

the failure is irrelevant. It therefore is unnecessary to decide whether the defendant acted in bad

faith . . .or was simply sloppy in its search for relevant documents and in assisting its litigation

counsel in responding to interrogatories.  <u>Elion v. Jackson</u>, 05cv0992 (PLF), 2006 U.S. Dist.

LEXIS 63854 at 2-4, 2006 WL 2583694 at 1 (D.D.C. September 8, 2006).

"The overwhelming weight of authority is that preclusion is required and mandatory

absent some unusual or extenuating circumstances --that is, a 'substantial justification.'"  <u>Id</u>.

(*citing* <u>Klonoski v. Mahlab</u>, 156 F.3d 255, 269, 271 (1st Cir. 1998)).  It is Plaintiff's burden to

show substantial justification and harmlessness.  Id.; Coles v. Perry, 217 F.R.D. 1, 5 (D.D.C. 2003).

In Elion, the District Court prohibited the defendant from introducing an e-mail (and all testimony related to it) because the defendant had failed to produce the e-mail in response to interrogatories or document requests.  Similarly, in Coles, the defendant provided documents to the plaintiff, but did so outside of the discovery period.  There, the court also invoked "the automatic sanction required by Fed. R. Civ. P. 37(c)(1) of excluding the evidence" because the raising of new evidence after discovery has ended nullifies "the very purpose of the rule."  217 F.R.D. at 4.  Here, unlike the sanctioned parties in Elion and Coles, who actually provided the opposing party with the evidence in question, albeit in an untimely fashion, Plaintiff never revealed the existence of the Goodman letter until she filed her second motion for summary judgment.

In this case, Plaintiff cannot sustain her burden. Plaintiff has filed no fewer than four sworn affidavits in the course of this case (and one in the administrative case), in which she declares that she first sought informal counseling in April 2003.  In the two most recent sets of pleadings related to the exhaustion issue, Plaintiff makes no attempt to explain why the Goodman letter was not provided to Defendant in response to direct and unambiguous discovery requests. With respect to the letter, she merely stated, "I was mailed a copy of the February 10, 2003 letter by my former attorney Bruce Goodman in February 2003.  I was not aware that the February 10, 2003 letter could be viewed as first contact with an EEO counselor."  Pl. 11/19/07 Aff., para 1.  It strains credulity to think that Plaintiff, who has litigated this particular issue for almost four years, would not appreciate the relevance of a letter from her attorney directed to an

5

EEO complaint counselor, especially in light of Plaintiff's attempts to describe her communications with various Smithsonian employees (who were not EEO counselors) as timely contact. See, e.g., Pl. 12/26/06 Aff., paras. 5-6, listing her contacts with human resource representatives and the ombudsman, Plaintiff's Opposition to Defendant's Motion for Summary Judgment (in which she argued that these were timely contacts), and footnote 1, *supra*. Even if one believes Plaintiff's statement that she did not realize the letter could be viewed as first contact, it does not begin to explain, much less substantially justify, withholding the letter in discovery.

As noted above, this is not an instance of a party disclosing evidence belatedly. Plaintiff *never* produced the letter to Defendant and then offered it in her second motion for summary judgment to contradict two prior affidavits in which she conceded that her first complaint with an EEO counselor was filed in April 2003. Surprising Defendant with this piece of material evidence at this late stage in the proceedings denied Defendant the opportunity to question Plaintiff about it in her deposition or to depose Mr. Goodman. Further, it placed Defendant in the position of establishing that it did not receive the letter (proving a negative) five years after it allegedly was sent. Ironically, Plaintiff, who created these circumstances with her inexplicable delinquence, now attacks the technical sufficiency of the affidavit of Angela Roybal, the intended recipient of the letter who has stated that she had never seen the letter and has no record of it. See Pl. Reply Brief at 4.

It bears noting that, regardless of the letter's actual existence, the February 10, 2003 letter was still not sent within 45-days of November 30, 2002, the date on which Defendant terminated Plaintiff's light duty. Rather Plaintiff has argued that the letter is a timely contact because it

6

should be construed as relating to December 30, the date on which Plaintiff learned that USDA had received partial funding for a support position. See Pltf .Opp. Mem.& Cross MSJ at 10-11. Thus, by introducing the letter, Plaintiff has attempted to make an issue both of its existence (whether it was sent and received) and its content (whether it references or was intended to reference activity/inactivity post-dating the termination). Because Plaintiff withheld the letter from Defendant, Defendant was unable to explore either issue during the discovery process. Thus, the harm to Defendant from Plaintiff's omission is not de minimis or harmless. See Minebea Co. v. Papst, 231 F.R.D. 3, 6 (D. D.C. 2005) (Plaintiff's failure to disclose supplemental expert report was not harmless where supplemental report substantially refined the original report, contained new or different material, and provided additional information to support specific elements of plaintiff's case); Cf., United States v. Philip Morris USA, Inc., 219 F.R.D. 198, 202-203 (D.D.C. 2004) (declining to exclude evidence belatedly produced by the plaintiff where the defendants knew of this evidence, deposed plaintiff's expert witnesses about it, referred to it in their own preliminary proposed findings and read about it in the plaintiff's preliminary proposed findings).

The fact that Plaintiff's new affidavits referencing the letter contradict two previous affidavits further supports the need to strike it as improper. See Pyramid Secs. Ltd. v. IB Resolution, Inc., 924 F.2d 1114, 1123 (D.C. Cir. 1991) ("Courts have long held that a party may not create a material issue of fact simply by contradicting its prior sworn testimony."); See, e.g., Franks v. Nimmo , 796 F.2d 1230, 1237 (10th Cir. 1986) (plaintiff's affidavit disregarded in light of his contrary deposition testimony); Van T. Junkins & Assoc. Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984) ("when a party has given clear answers to unambiguous questions

which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony").

### III.  <u>Conclusion</u>

For the foregoing reasons, Defendant moves that the Goodman letter and all testimony and evidence relating to it be stricken from the record, and further requests that all remaining counts of Plaintiff's complaint be dismissed as a sanction for her discovery abuses.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BETH M. NORDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 05-1232 (RMC) |
| | ) |
| CRISTIAN SAMPER, ACTING SECRETARY | ) |
| SMITHSONIAN INSTITUTION, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**ORDER**

Upon consideration of Defendant's Motion for Sanctions, it is this _____ day of

_____, 2008, hereby

ORDERED, that Exhibit 1 to Plaintiff's Opposition memorandum and Cross Motion for

Summary Judgment (the February 10, 2003, Goodman letter) and all testimony and evidence

relating to it will be stricken from the record; and it is further

ORDERED, that all remaining counts of Plaintiff's complaint be dismissed as a sanction

for abuse of discovery.

 

 

_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE