UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Beth Norden, Ph.D.
Plaintiff

v.                                  Civil Action No. 051232 (RMC)

Lawrence Small,
Secretary of the Smithsonian
Defendant

### PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES

COMES NOW Plaintiff, Beth Norden, Ph.D., by and through counsel, and serves the following answers and objections to Defendant's Interrogatories.

### GENERAL OBJECTIONS

1. To the extent that any request or definition calls for identification of "each" and/or all "all" persons, individuals, incidents, documents or other things of any kind whatsoever, Plaintiff objects on the following grounds:

(a) The request seeks information this is not relevant to the subject matter and is not reasonably calculated to lead to the discovery of admissible evidence;

(b) The request is overbroad;

(c) The request is unduly burdensome.

2. To the extent that any request may be construed as calling for information which is subject to a claim of privilege, right to privacy or otherwise immune from discovery, Plaintiff claims such privilege and objects to such request on that basis. Inadvertent production of privileged documents or information by Plaintiff shall not constitute waiver of any applicable privilege.

3. Plaintiff has made a reasonable search of her files, and on this basis has prepared these responses to Defendant's Interrogatories. All of the answers contained herein are based only on such information and documentation as is presently available and specifically known to Plaintiff. It is anticipated further discovery, investigation, legal research and analysis will supply additional facts, add meaning to known facts, and will establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The following responses are given without prejudice to Plaintiff's right to produce evidence of any additional information which Plaintiff may later discover. Accordingly, Plaintiff reserves the right to change any and all answers, herein as additional facts are ascertained, analyses made, legal research completed and contentions made.

4. Plaintiff's partial response to any of Defendant's Interrogatories is not to be deemed a waiver of her right to object to the balance of any Interrogatory.

5. Plaintiff incorporates by reference the foregoing objections into each of the responses set forth below.

## ANSWERS AND OBJECTIONS TO DEFENDANT'S INTEROGATORIES

1. If your response to any of defendant's requests for admission served with these interrogatories is not an unqualified admission, for each such response that is not an unqualified admission, state the number of the request and all facts upon which you base your response.

Objection to this impermissible, multiple part question. Objection notwithstanding, the facts on which the denials are based are stated in Admissions Responses 3 through 6. The facts on which the denials are based for Admissions one and two are stated below.

i. Admit that none of the actions taken by the Smithsonian towards you were based on your alleged status as a disabled person.

I was fired because the Smithsonian concluded that it could not accommodate my disabilities; I was given more restrictive work hours in April, 2002 as the result of my disabilities; I was offered a position in April, 2004 that required me to be evaluated every eight weeks and fired if I missed a single deadline as the result of my disabilities; this same position offered in April, 2004 involved collection work exclusively because my former research support supervisor refused to manage me. His refusal was based on my request not to be subjected to any further discrimination or retaliation; I was subjected to humiliating language regarding my alleged "menopause" as the result of my disabilities; I was given less intellectually demanding work probably as the result of a perception that I was less intellectually capable because of my disabilities.

3. For each act identified in Interrogatory 2, identify the date you sought informal counseling relating to such an act, the date you received your right to file a formal complaint of discrimination and the date you filed a formal complaint of discrimination.

Objection in that this interrogatory calls for information already within Defendant's knowledge and possession. Objection notwithstanding, I sought informal counseling in response to the ongoing discrimination described above on November 29, 2002 when I emailed Smithsonian Program Manager Carol Gover of OEEMA, as well as the Smithsonian ombudsman, OSEM, and senior management. On April 7, 2003 I filed an informal complaint. I filed a formal complaint on August 20, 2003, less than 15 days after receiving an agency decision on my informal complaint.

4. Identify each and every position you held at the Smithsonian Institute (sic), including for each position the date you obtained the position, the date you vacated the position, the title of such position, and each pay grade and corresponding dates of those pay grades.

Objection in that this information is within Defendant's possession. Notwithstanding said objection, my records reflect the following:

1. 1984 – 1985 predoctoral fellowship
2. Museum Specialist 1016 series, date obtained: 11/27/1985, date vacated: 9/6/88, title of position: Museum Specialist (Dept. of Entomology), pay grade GS9-01, dates of paygrades: 12/7/86 – pay grade GS9-02, 12/6/87 – pay grade GS9-03