Alex T. Sliheet, D.C. Bar No. 438977
Vickie Inge Fang, *pro hac vice*
Attorneys for Plaintiff Beth Norden
8702 Nightingale Drive
Lanham, MD 20706
alexsliheet@yahoo.com
fvickie@comcast.net
(301) 552-4908

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Beth M. Norden, ) | Case No. 051232 (RMC) |
| ) | |
| Plaintiff ) | |
| ) | AFFIDAVIT OF ALEX SLIHEET IN SUPPORT |
| ) | OF PLAINTIFF'S OPPOSITION TO |
| ) | DEFENDANT'S MOTION TO STRIKE AND |
| v. ) | SANCTIONS |
| ) | |
| ) | |
| Cristian Samper, ) | |
| Acting Secretary of ) | |
| Smithsonian ) | |
| ) | |
| Defendant ) | |

**AFFIDAVIT OF ALEX SLIHEET**

1

I, Alex Sliheet declare:

1. I am over the age of eighteen and competent to testify.

2. My address is 11604 Ranch Lane, North Potomac, MD

3. Upon receipt of Defendant's opposition that asserted that Plaintiff's MSJ had not proved mailing to the Smithsonian, I subpoenaed Bruce Goodman (on approximately January 15, 2008), and scheduled the deposition of Bruce Goodman in the State of Maryland, Prince George's County on January 23, 2008., at 10:00 a.m. Attachment 1 is a true and correct copy of the subpoena and proof of service, and the proof of service on Mr. Valdez.

4. I mailed the subpoena to Mr. Valdez on January 15, 2008, and I called Mr. Valdez on or around January 15, 2008, who returned the phone call and I told him of the Goodman subpoena that was in the mail for the deposition on the 23rd of January. Mr. Valdez took no position and made no statements regarding the subpoena.

5. On the day of the deposition, January 23, 2008, Mr. Goodman telephoned me and stated that he was ill in bed and could not leave the house and would not be attending the deposition.

6. I called Mr. Valdez on January 23, 2008, at approximately 9:00 a.m. and 9:45 .am. and left a message on his voice mail and also sent an email informing him that the deposition was off for the day. Mr. Valdez did not respond at all, <u>at anytime</u>, and did not ask that the Goodman deposition be rescheduled. Attachment 2 is a true and correct copy of the email that I sent Mr. Valdez on January 23, 2008.

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 2/12/08                                  Respectfully submitted,

                                                _____/s/_____
                                                Alex Sliheet

# ATTACHMENT 1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

BETH M. NORDEN

v.

CRISTIAN SAMPER, SMITHSONIAN INSTITUTION

SUBPOENA IN A CIVIL CASE

Case Number: 05 cv 1232 (RMC)

TO: BRUCE EDWARD GOODMAN, ESQ

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  8702 Nightingale Drive, Lanham, Maryland, 20706 | DATE AND TIME 1/23/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  ATTORNEY - PLAINTIFF | DATE 1/10/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
ALEX SCHEFF, 11604 RANCH LANE, NORTH POTOMAC, MARYLAND 20878 (301) 294-6839

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 1-14-08 | 6231 Cram Hwy PG county |

SERVED ON (PRINT NAME): Bruce Edward Goodman

MANNER OF SERVICE:

SERVED BY (PRINT NAME): HAROLD LATTEN

TITLE: Process Servers

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 1-14-08

SIGNATURE OF SERVER

ADDRESS OF SERVER: P.O. Box 58 Lanham MD 20703

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Alex T. Sliheet, D.C. Bar No. 438977
Vickie Inge Fang, *pro hac vice*
Attorneys for Plaintiff Beth Norden
8702 Nightingale Drive
Lanham, MD 20706
alexsliheet@yahoo.com
fvickie@comcast.net
(301) 552-4908

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Beth M. Norden, ) | Case No. 051232 (RMC) |
| ) | |
| Plaintiff ) | Certificate of Service of Subpoena |
| ) | |
| v. ) | |
| ) | |
| Cristian Samper, Acting ) | |
| Secretary Smithsonian ) | |
| Institution ) | |
| Defendant ) | |

### CERTIFICATE OF SERVICE

I am employed in the County of Montgomery, State of California. I am over the age of 18 and not a party to the within action; my business address is: 11604 Ranch Lane, North Potomac, MD 20878.

On January 15, 2008 I served the foregoing document(s) described as

**A subpoena in the case of Norden v. Samper, which was served on Bruce E. Goodman, Esq., yesterday, January 14, 2008, through personal service by process server.**

By placing a true copy thereof enclosed in sealed envelope addressed as follows:

Case No. 051232 (RMC)

1

CERTIFICATE OF SERVICE

1  Mr. Darrell C. Valdez, Esq.
   Assistant United States Attorney
2  Judiciary Center Building
   555 4th St., N.W., Civil Division
3  Washington, DC 20530

4

5  I deposited such envelope in the mail at Gaithersburg, Maryland.  The envelope was mailed with postage thereon fully prepaid.  I also emailed the subpoena to all parties.
6

7  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage
8  thereon fully prepaid at Gaithersburg, Maryland in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter
9  date is more than one day after date of deposit for mailing in affidavit.

10

11 Executed on January 15, 2008, at Gaithersburg, Maryland.

12
   I declare under penalty of perjury under the laws of the United States of America that the above is true
13 and correct.

14

15 Declarant: Alex Sliheet             Signature_____/s/_____
                                                    Alex Sliheet
16

17

18

19

20

21

22

23

24

25

26

27

28
                                    2                          Case No. 051232 (RMC)
                              CERTIFICATE OF SERVICE

# ATTACHMENT 2

YAHOO! MAIL

| | |
|---|---|
| Date: | Wed, 23 Jan 2008 06:50:26 -0800 (PST) |
| From: | "alex sliheet" <alexsliheet@yahoo.com> |
| Subject: | Goodman Deposition |
| To: | darrell.valdez@usdoj.gov |
| CC: | "Vickie Fang" <fvickie@comcast.net> |

Darrell,

The Goodman Deposition is not going forward in Norden v. Samper.  I have left two messages on your voicemail one at 9:00 and another at 9:45.

Alex

Looking for last minute shopping deals? Find them fast with Yahoo! Search.