Alex T. Sliheet, D.C. Bar No. 438977
Vickie Inge Fang, *pro hac vice*
Attorneys for Plaintiff Beth Norden
8702 Nightingale Drive
Lanham, MD  20706
alexsliheet@yahoo.com
fvickie@comcast.net
(301) 552-4908

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| Beth M. Norden, | ) | Case No. 051232 (RMC) |
|---|---|---|
| Plaintiff | ) | |
| | ) | AFFIDAVIT OF VICKIE FANG IN SUPPORT |
| | ) | OF HER OPPOSITION TO DEFENDANT'S |
| v. | ) | MOTION TO STRIKE AND SANCTIONS |
| Cristian Samper, | ) | |
| Acting Secretary of | ) | |
| Smithsonian | ) | |
| Defendant | ) | |

AFFIDAVIT OF VICKIE FANG

1

I, Vickie Fang declare:

1. I am over the age of eighteen and competent to testify.

2. My address is 8702 Nightingale Drive, Lanham, MD.

3. I did not receive the Smithsonian's 108 page investigative report to the EEOC. At one point Smithsonian EEO Counselor Margensey insisted that I had received the document because Ms. Margensey's records reflected receipt of the document by someone in Boyers, Pennsylvania. I protested that I had never been to Boyers, Pennsylvania, didn't know anyone there, and had not received anything from Boyers to no avail. The EEO took the position that it had met its obligations because the document was correctly addressed to me in Maryland, and their records reflected that someone in Boyers received it. The fact that the document had gone from the Smithsonian in-house mailing system to a town where Smithsonian employee pensions are processed was also given no weight by Ms. Margensey.

4. The Smithsonian EEO issued a Notice of Final Interview regarding Dr. Norden's complaint and it did not send a copy of the Notice to Dr. Norden or to me. The Notice of Final Interview letter was returned to the Smithsonian by the postal office with the word "Refused" stamped on it during the same period in which I had numerous telephone calls and emails with Smithsonian counsel, Mr. Lapinia, and with Ms. Margensey and others at the Smithsonian about the problems I was having receiving mail from the Smithsonian. When the Notice of Final Interview was returned as having been "Refused," the EEO took the incredible position that I must have refused it. Without notifying me, the Smithsonian EEO began

2

counting the days after the Decision had been refused and then determined that the formal complaint that Dr. Norden filed later was time barred because it was made more than 15 days after the "refusal" stamp. When questioned as to why Dr. Norden had never been sent a copy of the Notice of Final Interview, Karen Margensey initially told me that employees are not sent notification of the conclusion of an investigation. I responded by calling Smithsonian Counsel Ms. Farley Earhart and explaining both the problems with the mailing system and the legal requirement that both the complainant and her counsel receive notice. I cited 29 CFR 1614.605(d) to Ms. Farleigh as well as <u>Dark v. U.S. Postal Service</u>, 01A12537 (2001) which confirmed that the above-referenced regulation applies to Notices of Final Interviews.

5. The Smithsonian's next step was to produced an affidavit from EEO Counselor Ms. Shadella Davis which claimed that a letter Dr. Norden had sent to Ms. Davis notifying her of a change in counsel had been <u>accompanied by a phone call</u> from Dr. Norden explaining that the letter really meant that Dr. Norden did not wish to receive her own copies of notifications from the EEO. Such a phone call would have been of extraordinary significance because it would in effect constitute an oral waiver of Dr. Norden's rights when the rules require that such a waiver be done in writing. Ms. Davis' affidavit did not include a letter from the EEO to Dr. Norden confirming the alleged oral waiver, nor did her affidavit include Ms. Davis' own notes to the file, nor did the affidavit include the date on which the alleged oral conversation took place. Dr. Norden strenuously maintains that Counselor Davis' affidavit is perjured, and the EEOC eventually ruled in Dr.

      Norden's favor through the expenditure of considerable attorneys' hours all the way through a Motion for Reconsideration.

6.   The third example of the Smithsonian EEO either failing to keep a proper record of Dr. Norden's file or deliberately distorting that record applies to the 2004 investigatory report discussed in the Opposition that the Smithsonian EEO submitted to the EEOC. As described above, this report was ordered so that the EEOC could determine whether Dr. Norden had made her complaint within 45 days after the last date of discrimination. The Introductory/Procedural Background includes the following known misstatement: "The latest date attributable to an alleged discriminatory act was November 30, 2002." However, Defendant EEO had previously required Dr. Norden to provide a listing of all her requests for accommodations. Dr. Norden responded in the fall of 2003 with a seven page letter that enumerated dozens of requests and responses. The latest "response" given in the letter was a December 30, 2002 email from the USDA asking Dr. Norden why Dr. Mathis had not responded to the USDA's receipt of funding for Dr. Norden. This letter, which provided clear evidence of discriminatory behavior well past November 30, 2002, and within 45 days of the February 10, 2003, letter, was not included in the Smithsonian's EEO report. The report also, of course, included no other information about the USDA funding for Dr. Norden. Once again, the Smithsonian EEO had either lost a significant part of Dr. Norden's record, or it had deliberately distorted Dr. Norden's record in an attempt to let Defendant avoid liability for its discrimination against Dr. Norden.

7. Exhibit 1 is a true and correct copy of the Smithsonian "OEEMA complaint form" that shows on the top of each of its four pages that it was faxed on February 25, 2003 at 14:11 (time) from fax number 202-275-2055 from the "SMITHSONIAN OEEMA."

8. Exhibit 2 is a true and correct bn identical copy of Exhibit 1 *[along with Exhibit 1's, February 25, 2003 (date) and 14:11 (time) from the SMITHSONIAN OEEMA and fax number 202-275-2055]*.

9. Exhibit 3 is a true and correct copy of Plaintiff's production requests (#6 and #13).

10. Exhibit 4 is a true and correct copy of Norden depo excerpts pages 119-121.

11. Exhibit 5 is a true and correct copy of the retaliatory return to work proposal.

12. Exhibit 6 is a true and correct copy of various emails from Carol Gover, Era Marshall, Karen Margensey and Marylin Slomba regarding the retaliatory return to work proposal.

13. Exhibit 7 is a true and correct copy of Dr. Norden's October 13, 2003, letter.

14. Exhibit 8 is a true and correct except of the May 17, 2004, investigation by the Smithsonian EEO submitted to the EEOC in their investigatory response.

15. Exhibit 9 is a true and correct copy of January 3, 2005, emails between myself and Ms. Karen Margensey regarding notifying Dr. Norden of the result of the informal complaint resolution process.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 2/12/08

Respectfully submitted,

*[signature]*
Vickie Fang