# **EXHIBIT 3**

Alex T. Sliheet, D.C. Bar No. 438977
Vickie Inge Fang, *pro hac vice*
Attorneys for Plaintiff Beth Norden
8792 Nightingale Drive
Lanham, MD 20706
alexsliheet@yahoo.com
fvickie@comcast.net
(301) 552-4908

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Beth M. Norden,<br><br>   Plaintiff<br><br>   v.<br><br>Lawrence M. Small,<br><br>   Defendant | Civil Action No. 05-1232 (RMC) |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 34, Defendant is requested to produce the documents described herein for inspection and copying by Plaintiff at the offices of Defendant's counsel on July 21, 2006, unless another date is mutually agreed to. Defendant is required to produce all documents that are in actual or constructive possession, custody or control of its officers, employees, agents, representatives or attorneys. Defendant shall further comply with F.R.C.P 34 by producing said documents as they are kept in the usual course of business or shall organize and label them to correspond with the categorization of this request. The inspection and copying of the documents will continue so long as reasonably required.

## I. DEFINITIONS

The following definitions apply to each of the requests for documents set forth herein and are deemed to be incorporated in each of said requests:

(a) "ENTOMOLOGY DEPARTMENT" shall mean any department or group within the Smithsonian which collects or performs research, or has collected or performed research, on insects within the time of Dr. Norden's employment with the Smithsonian, from 1984 through 2004.

(b) "VACANCY ANNOUNCEMENT(S)" means all documents and communications regarding any actual or contemplated employment position with the Smithsonian, whether such announcement is made through a formal procedure or informally through a memorandum or other document within the Entomology Department.

(c) "COMMUNICATION(S)" means every manner of transmitting or receiving information, opinions or thoughts, whether orally, in writing, through pictures, tape recordings, or otherwise, between two or more persons, or any such method of transmission made by one person and preserved for possible further use by himself or others, such as a tape recorded memorandum to a file or a message left on an answering machine.

(d) "COMPENSATION(S)" shall mean salary, bonuses, reimbursement costs, publication fees, employee benefits including but not limited to health and life insurance, performance measurement, cash and non-cash payments or incentives, and pension contributions.

(e) "COMPLAINT" refers to the Complaint filed in this litigation.

(f) "CONCERN(S)," "CONCERNED" and "CONCERNING" means relating to, regarding, referring to, discussing, describing, memorializing, evidencing, comprising, mentioning, enumerating, pertaining to, being connected with, summarizing, reflecting, or constituting.

(g) "DOCUMENT(S)" means any writing including, handwriting, typewriting, printing, photostating, photographing, photocopying and every other means of recording upon

any tangible thing, any form of communication or representations, including letters, words, pictures, sounds, or symbols, or combinations thereof

If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of notation or modification of any kind whatsoever, including notations on the front or back of any pages thereof, then each such copy must be produced. Similarly, all drafts of documents must be produced. Consistent with the above definition, the term document shall include, without limitation, any computer-generated, computer-stored or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether composed of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof.

(h) "EMPLOYEE(S)" means any person who at any time during the period covered by this request (whether the person is a current or former employee) acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, advisors, and consultants of such other person or persons.

## II. INSTRUCTIONS

(a) The documents to be produced pursuant to these Requests specifically embrace, in addition to documents within your possession, custody or control, documents within the possession, custody or control of any of your agents, accountants, representatives or attorneys. Such documents also embrace originals and copies (when different from the original because of notes made thereon or otherwise) of the documents described in these Requests.

(b) In the event that any document or communication called for by these Requests has been destroyed or discarded, that document or communication is to be identified by stating:

    i)    the nature of the document or communication:

    ii)    the names of any addressor or addressee;

    iii)    if there are any indicated or blind copies;

         iv)      the document's date, subject matter, number of pages, and attachments or appendices;

         v)      all persons to whom the document or communication was distributed, shown, or explained;

         vi)      its date of destruction or discard, manner of destruction or discard; and

         vii)      the persons authorizing or carrying out such destruction or discard.

(c) If any documents or communications are within the scope of any request for production but are not being produced or are being produced with portions redacted, pursuant to any claim of privilege or confidentiality;

         i)      state the nature of the privilege claimed (*i.e.*, attorney-client, work product, etc.);

         ii)      state the name of the person or entity claiming privilege and the name of the attorney, if any, with respect to whom the privilege is claimed;

         iii)      state the facts upon which you rely as the basis for claiming any privilege as to the specific information or document and;

         iv)      state the name of such document or communication; identify the type of document or communication (e.g., letter, memo, etc.); set forth the subject matter thereof; identify the person who prepared it and each person (if any) who signed it; identify each person to whom it was directed, circulated or shown; and identify each person now in possession of the document.

(d) All documents and communications shall be produced that respond to any part, clause, or sentence of any paragraph of these Requests.

(e) You shall produce all documents or communications in a form which renders them susceptible to copying either by photocopy or otherwise.

(f) The following document requests are continuing in nature and in the event you become aware of or acquire additional information relating or referring thereto, such additional information is to be promptly produced.

III. **RULES OF CONSTRUCTION**

The following rules of construction shall apply:

    (a) the use of the singular form of any word includes the plural and vice versa;

    (b) the use of the present tense includes the past tense and vice versa;

    (c) the terms "all," "any" and "each" shall be construed as all and each;

    (d) the masculine includes the feminine and neutral genders; and

    (e) the connections "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be constructed to be outside of their scope.

**DOCUMENT PRODUCTION REQUESTS**

**REQUEST NO. 1**

All DOCUMENTS and COMMUNICATIONS CONCERNING the hiring process conducted in response to VACANCY ANNOUNCEMENT 04AD-1109, which was provided with Plaintiff's initial disclosures, including, but not limited to, the résumés and Personnel Descriptions of the applicants who applied for the position, all DOCUMENTS and COMMUNICATIONS CONCERNING the selection of the successful applicant, and the work plan associated with the position.

**REQUEST NO. 2**

All DOCUMENTS and COMMUNICATIONS CONCERNING the hiring process conducted in response to VACANCY ANNOUNCEMENT 04JW-1137, which was provided with Plaintiff's initial disclosures, including, but not limited to, the résumés and Personnel Descriptions of the applicants who applied for the position, all DOCUMENTS and COMMUNICAITONS CONCERNING the selection of the successful applicant, and the work plan associated with the position.

**REQUEST NO. 3**

All DOCUMENTS and COMMUNICATIONS CONCERNING the hiring process conducted in response to VACANCY ANNOUNCEMENT 04JW-1081, which was provided with Plaintiff's initial disclosures, including, but not limited to, the résumés and Personnel Descriptions of the applicants who applied for the position, all DOCUMENTS and COMMUNICATIONS CONCERNING the selection of the successful applicant, and the work plan associated with the position.

**REQUEST NO. 4**

All other DOCUMENTS and COMMUNCATIONS CONCERNING VACANCY ANNOUNCEMENTS for the Smithsonian ENTOMOLGY DEPARTMENT and for any other position within the entire Smithsonian that required a knowledge of entomology or SEM technique during the period April 1, 2002 through October 31, 2004, including, but not limited to, any vacancies that existed at the Insect Zoo during the period of April 2002 through December 2004.

**REQUEST NO. 5**

The resumes, Personnel Descriptions, work plans, and any supporting DOCUMENTS and COMMUNICATIONS CONCERNING all ENTOMOLGY DEPARTMENT EMPLOYEES and contractors who performed more than one tenth of their working hours from their homes during the period January 2000 through the present.

**REQUEST NO. 6**

All DOCUMENTS and COMMUNICATIONS CONCERNING Plaintiff during the period August, 2000 through the present.

**REQUEST NO. 7**

All DOCUMENTS and COMMUNICATIONS CONCERNING naphthalene use through the period January 2000 through the present.

**REQUEST NO. 8**

All DOCUMENTS and COMMUNICATIONS CONCERNING any equipment, including, but not limited to, a respirator, air vent, or hood, which were purchased or were considered for purchase to accommodate Plaintiff's handicapping condition.

**REQUEST NO. 9**

All DOCUMENTS and COMMUNICATIONS CONCERNING any equipment, including but not limited to, a respirator, air vent, or hood, which were purchased or were considered for purchase to accommodate any EMPLOYEE's perceived sensitivity to naphthalene.

**REQUEST NO. 10**

Plaintiff's complete personnel file as described in Section B of Defendant's initial disclosures.

**REQUEST NO. 11**

Plaintiff's complete medical file as described in Section B of Defendant's initial disclosures.

**REQUEST NO. 12**

All DOCUMENTS and COMMUNCATIONS from Smithsonian personnel and others CONCERNING plaintiff and her work requests as described in Section B of Defendant's initial disclosures.

**REQUEST NO. 13**

All DOCUMENTS and COMMUNICATIONS between plaintiff, and her representatives, and Smithsonian EMPLOYEES and representatives as described in Section B of Defendant's initial disclosures.

**REQUEST NO. 14**

All DOCUMENTS and COMMUNICATIONS CONCERNING Plaintiff's handicapping condition, or her need for accommodations, or her ability to perform her work with the appropriate accommodations.

**REQUEST NO. 15**

All DOCUMENTS and COMMUNICATIONS CONCERNING any accommodations made for Department of Entomology Employees who thought they might have a sensitivity to naphthalene. This request includes, but is not limited to, the employees named in Plaintiff's complaint as having been accommodated in some way for naphthalene sensitivity.

**REQUEST NO. 16**

All DOCUMENTS and COMMUNICATIONS CONCERNING Plaintiff's accrued leave time from August, 2000 to the present.

**REQUEST NO. 17**

All DOCUMENTS and COMMUNICATIONS CONCERNING Plaintiff's COMPENSATION and any such DOCUMENTS and COMMUNICATIONS that may be used to assess the financial impact upon Plaintiff of not being able to work at the Smithsonian.

Respectfully submitted by,

_____

Alex T. Sliheet, D.C. Bar No. 438977
Vickie Inge Fang, *pro hac vice*
Attorneys for Plaintiff Beth Norden
8792 Nightingale Drive
Lanham, MD  20706
alexsliheet@yahoo.com
fvickie@comcast.net
(301) 552-4908

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Plaintiff's First Request for Production of Documents was served by prepaid mail to John Henault, Esq. this 16th day of June, 2006 at 555 4th St., N.W., Washington, D.C.  20530.

_____

Vickie Fang