# **EXHIBIT 5**

## *Agreement*                                                                     SI-2133

This Settlement Agreement and General Release (hereinafter this Agreement) is hereby entered into by and between Beth Norden and the Smithsonian Institution (hereinafter the Smithsonian).

WHEREAS, Dr. Norden, who is employed at the National Museum of Natural History, as a Museum Specialist (Zoology), GS-1016-11, was issued a proposal to separate her from employment with the Smithsonian dated November 5, 2003, due to her inability to perform the duties of her position; and

WHEREAS, Dr. Norden has been and continues to be receiving pay compensation from the Smithsonian through the periodic rolls of the Department of Labor's Office of Workers' Compensation; and

WHEREAS, Dr. Norden submitted a reply to the proposal dated November 13, 2003, in which she designated Vickie Fang, Esq. as her representative; and

WHEREAS, the Smithsonian on December 5, 2003, provided her representative with a copy of the material on which the proposal was based; and

WHEREAS, Dr. Norden's physicians subsequently provided Smithsonian's Occupational Health physician with updated medical information, indicated that she is now capable of performing her full duties for 40 hours per week, and made some specific recommendations; and

WHEREAS, Dr. Norden stated in her reply that she desires to return to work at the Smithsonian; and

WHEREAS, the Smithsonian's Occupational Health physician issued an advisory on December 23, 2003, based on his review of that information Dr. Norden's physicians, and recommended that specified restrictions be followed by Dr. Norden and by the Smithsonian to maximize potential for her successful return to duty; and

WHEREAS, the Smithsonian wishes to return Dr. Norden to work in her Museum Specialist GS-11 position and to provide reasonable accommodation for her condition, and Dr. Norden wishes to return to work in that position and to avail herself of the accommodation offered;

NOW THEREFORE, in consideration of the mutual covenants and promises contained herein, and for other good and valuable consideration, it is hereby agreed by and between Dr. Norden and the Smithsonian as follows:

1. The Smithsonian agrees to return Dr. Norden to full duty status, effective April 18, 2004, in her position of record PD# 39725 (attached), as a Museum Specialist, GS-1016-11.

2. Dr. Norden will notify the Department of Labor that she has returned to work at the Smithsonian at her full salary, and provide a copy of that notification to Smithsonian's Office of Human Resources.

3. Nancy Adams will serve as Dr. Norden's supervisor.

4. Dr. Norden's performance will be measured against a work plan specifying requirements consistent with her performance plan, which will be provided to her upon her return to work.

5. To comply with Dr. Norden's physicians' recommendation that she be protected from exposure to the low ambient levels of naphthalene present in the Natural History Building, and based on the recommendations of the Smithsonian Office of Safety and Environmental Management, the Smithsonian

agrees to: (i) provide Dr. Norden with a fitted respirator similar to one she has worn previously and Dr. Norden agrees to use this respirator when accessing the collection cabinets; (ii) provide Dr. Norden with work space in the negative-pressure, ventilated Sorting Center, Room CE436; and (iii) relocate Dr. Norden's office to Room CE420, directly across from the Sorting Center on a floor that contains no permanent collections.

6. Dr. Norden will have an Alternative Work Schedule (AWS) to facilitate the scheduling of her medical appointments and to assist her in making up unscheduled leave. Her schedule will be as follows: Monday-Friday, 8:00 a.m. to 5:30 p.m., with the second Friday of the pay period off and the first Friday as her 8-hour work day (8:00 a.m. to 4:30 p.m.). Dr. Norden may work on the AWS day (second Friday) between 8:00 a.m. and 5:30 p.m. to make up any missed hours during the pay period. Dr. Norden will not perform work outside of these hours.

7. Dr. Norden understands that her current annual leave balance is 25 hours and her sick leave balance is -4 hours, and agrees during the duration of this Agreement to make any leave requests that exceed her accrued leave balances as requests for leave without pay (LWOP).

8. Dr. Norden agrees to comply during the duration of this agreement with her physicians' treatment recommendations regarding her work at the Smithsonian.

9. Dr. Norden agrees to have her physicians provide medical updates to the Smithsonian's Occupational Health physician on a quarterly and as-needed basis, so that he can review that information and keep Smithsonian management staff apprised of information relevant to her work.

10. Dr. Norden's supervisors will also keep the Smithsonian physician informed of any relevant observations and concerns.

11. Dr. Norden agrees to provide copies of this agreement to her treating physicians within two weeks of the signing of this agreement.

12. Dr. Norden agrees to meet her performance standards by accomplishing the tasks outlined in her work plan in an accurate and timely manner, and to demonstrate satisfactory and punctual attendance, complying with all Smithsonian, NMNH and Department policies, including leave policy and procedures.

13. Dr. Norden's supervisors will review her performance and her attendance every 320 hours (8 weeks) and on an as-needed basis, to assess and provide feedback on her success in meeting the standards established in the performance plan as specified in her work plan.

14. The Smithsonian agrees to release information concerning the terms of this agreement only as she authorizes, other than the itemized disclosures stated in this agreement.

15. The Smithsonian agrees to hold Dr. Norden's separation in abeyance while she demonstrates satisfactory performance and attendance as shown by compliance with this agreement, as judged at the end of each 320-hour (8-week) review cycle. Absences will not be acceptable reasons for not meeting the work plan and performance requirements.

16. The purpose of this agreement is to provide Dr. Norden with an opportunity to return to the Smithsonian to perform the full range of the duties of her position. The parties understand that it is critical that Dr. Norden adhere to each of the provisions of this agreement and that any failure to adhere to those provisions, as evaluated at the end of each 8-week review cycle, will result in her separation from the

rolls of the Smithsonian as proposed in the November 5, 2003 letter, during the duration of this agreement.

17. Dr. Norden understands that her separation is being held in abeyance for a period not to exceed one (1) calendar year, commencing with the signing of this agreement. The Smithsonian agrees that the proposal to separate will be withdrawn one (1) year from the date of this agreement, if Dr. Norden is successful in complying with the terms of this agreement.

18. It is understood that the record of the proposal to separate and this agreement will not be placed in Dr. Norden's Official Personnel Folder, if she successfully completes her obligations under this agreement. However, the Smithsonian may consider and rely on the file related to this separation action, including this agreement, in the event of a future lapse in attendance or performance after the successful conclusion of this agreement.

19. Dr. Norden waives her right to grievance/arbitration procedures, to appeal to the Merit Systems Protection Board and any right to file suit in Federal or state court for any adverse actions based on performance or conduct taken against her during the life of this agreement or on any separation effected as a result of her failing to meet the terms of this agreement. While this agreement waives her right to appeal an adverse action triggering the terms of this agreement, Dr. Norden may petition the Merit Systems Protection Board following any subsequent separation based on this agreement by making a non-frivolous allegation that the Smithsonian violated a material term or acted in bad faith or that she did not breach the agreement.

20. Dr. Norden agrees that this constitutes the full and final settlement of any and all complaints, appeals, grievances, or other actions, either administrative or civil, against the Smithsonian and related to her employment with the Smithsonian to the date of this agreement. This specifically includes her August 26, 2003 discrimination complaint, SI 03-20.

21. This agreement shall not limit Dr. Norden's right to file a complaint based upon alleged discriminatory acts of the Smithsonian arising subsequent to the date of this agreement, and unrelated to this agreement.

22. Dr. Norden and the Smithsonian agree that the facts and terms of this agreement shall be treated as confidential.

23. Dr. Norden fully understands the terms of this agreement and voluntarily agrees to said terms.

24. Nothing in this agreement shall constitute an admission of wrongdoing on behalf of the Smithsonian or any of its agents, officers or employees.

IN WITNESS WHEREOF, the parties hereto set their hands on the date indicated.

**SI-2135**

| _____ | _____ | _____ | _____ |
|---|---|---|---|
| Dr. Beth Norden | Date | Dr. Wayne Mathis | Date |
| _____ | _____ | _____ | _____ |
| Employee Representative | Date | Nancy Adams, supervisor | |
| | | Smithsonian Representative | Date |