**FAX**

## SMITHSONIAN INSTITUTION
### Office of Equal Employment and Minority Affairs
750 Ninth Street, N.W., Suite 8100
Washington, D.C. 20560-0921

FAX NUMBER: (202) 275-2055        PHONE NUMBER: (202) 275-0154

TO:        Vickie Fang, Esquire        FAX NUMBER:        301-552-4435

FROM:      Karen E. Margensey
           EEO Compliance Specialist

DATE:      June 29, 2004

SUBJECT:   SI Case Number 03-20-082603

MESSAGE:   Reference is made to our telephone conversation this morning, where you
           advised that you had not received the Smithsonian's May 24, 2004, certified
           mail transmittal to you of the Report of Investigation (ROI) and the Final
           Agency Decision (FAD), but confirmed that you did have your client's copy
           of the ROI. You will recall that I advised you that the United States Postal
           Service confirmed delivery on June 1, 2004, of the certified mail directed to
           your address of record – however, it reflected final delivery to Boyers,
           Pennsylvania.

           As we discussed, a copy of the FAD follows, together with a copy of the Postal
           Service certified mail tracking information, for your use.


Total number of pages following this page:  12



 **Smithsonian Institution**

Office of Equal Employment and Minority Affairs

May 24, 2004

Ms. Beth Mary Norden
c/o Vickie Fang, Esq.
8702 Nightingale Drive
Lanham, MD 20706

Re:    EEO Complaint of Beth Mary Norden, SI Case No. 03-20-082603

### FINAL AGENCY DECISION

Dear Ms. Norden:

The purpose of this letter is to provide you with the enclosed Final Agency Decision (FAD) issued by the Smithsonian in the above-referenced complaint of discrimination. You will recall that the U.S. Equal Employment Opportunity Commission, on March 31, 2004, vacated the Smithsonian's FAD of November 4, 2003, and remanded the complaint with directions to the Smithsonian to complete a "supplemental investigation." A copy of the investigative report is enclosed. Please note that the FAD sets out your appeal rights and attaches EEOC Form 573, *Notice Of Appeal/ Petition To The Equal Employment Opportunity Commission.*

Should you have any questions or require additional information, you may contact Ms. Karen Margensey of my staff at the Office of Equal Employment and Minority Affairs, P.O. Box 37012, Victor Building, Suite 8100, MRC 921, Washington, D.C. 20013-7012, or call (202) 275-0145.

Sincerely,

Era L. Marshall, Director
Office of Equal Employment
and Minority Affairs

Enclosures:  Final Agency Decision, Report of Investigation

cc:    Ms. Beth Mary Norden (with both enclosures)
112 Greenhill Road
Greenbelt, MD 20770

Ms. Sandy Dunaway, Compliance Officer (with both enclosures)
Office of Federal Operations, EEOC
P.O. Box 19848
Washington, D.C. 20036

Office of the General Counsel (with both enclosures)

750 Ninth Street, N.W., Suite 8100
Washington, D.C. 20560-0921
202.275.0145 Telephone
202.275.2055 Fax

 **Smithsonian Institution**

Office of Equal Employment and Minority Affairs

Beth Mary Norden,
Complainant,

v.

Lawrence M. Small, Secretary,
Smithsonian Institution,
Agency

SI Case No. 03-20-082603
EEOC Appeal No. 01A41096 (March 31, 2004)

### FINAL AGENCY DECISION

Statement of Claim

Whether, because of the Complainant's sex (female) and/or disability (naphthalene sensitivity), she has been discriminated against and denied a requested accommodation to limitations imposed by her disability beginning in or about December 2000 and continuing to the present based upon the following acts:

1.  On or about June 22, 2002, while the Complainant was requesting a reasonable accommodation, she was subjected to a comment that she was probably going through menopause and was probably more emotional than she otherwise would be, and

2.  On November 30, 2002, the Complainant's "light duty" status was terminated.
    (ROI Exhibit 3)

Procedural History

The formal complaint of discrimination was filed on August 26, 2003. (ROI Exhibit 1) The Counselor's Report indicates that the Complainant's initial date of contact with the Counselor took place on April 7, 2003. (ROI Exhibit 2) The latest date attributable to an alleged discriminatory act was November 30, 2002, the date indicated in the Complainant's request for counseling. (ROI Exhibit 2)

On November 4, 2003, the Smithsonian dismissed the complaint due to untimely EEO Counselor contact because the Complainant did not contact the EEO Counselor within the required 45-day limitations period. (ROI Exhibit 3) On December 3, 2003, the Complainant appealed the Smithsonian's dismissal. (ROI Exhibit 4) On March 31, 2004, the Office of Federal Operations, U.S. Equal Employment Opportunity Commission (EEOC), issued its decision on the appeal, vacating and remanding the complaint for an investigation into whether the Complainant had constructive or actual notice of the time limits for contacting an EEO

750 Ninth Street, N.W., Suite 8100
Washington, D.C. 20560-0921
202.275.0145 Telephone
202.275.2055 Fax

2

Counselor and whether she acted in a timely manner once she obtained actual or constructive knowledge of the time limits. (ROI Exhibit 6)

In its Decision issued March 31, 2004, the Office of Federal Operations, EEOC, vacated the Smithsonian's Final Agency Decision and remanded the complaint to the Smithsonian with the following direction:

i.   The agency shall conduct a supplemental investigation on the issue of whether complainant had constructive or actual notice of the time limits for contacting an EEO Counselor. The agency shall supplement the record with affidavit(s) and/or copies of posters showing that complainant was informed of the time limit for contacting, an EEO Counselor during the relevant time frame.

ii.  After the agency determines whether complainant had actual or constructive notice of the time limit for contacting an EEO Counselor and whether she acted in a timely manner once she obtained actual or constructive knowledge, the agency shall, within 30 days after the date that this decision becomes final, issue a new final agency decision dismissing the complaint or issue an acceptance letter. (ROI Exhibit 6)

<u>Statement of the Facts</u>

The Complainant asserted on appeal that her complaint should not have been dismissed as untimely because she "was never notified of the time limit, had never heard of the time limit, had not read about the time limit, and was not aware of the time limit." (ROI Exhibit 5)

The alleged discriminatory act occurred on November 30, 2002, when the Smithsonian discontinued the Complainant's "light duty" status. (ROI Exhibit 2) The Complainant's initial contact with the Smithsonian's Office of Equal Employment and Minority Affairs occurred on April 7, 2003 – 128 days after the alleged discriminatory act. (ROI Exhibit 2)

The Smithsonian's investigation established that Equal Employment Opportunity ("EEO") posters (20 x 24 inches in size) – which clearly set out the time limits for contacting an EEO Counselor – were located throughout the area where the Complainant worked in the National Museum of Natural History's (NMNH) Department of Entomology. (ROI Exhibit 7) Testimony obtained documents that the EEO posters were posted (1) on a wall adjacent to the NMNH staff cafeteria, (2) on the Third Floor beside the elevator in the East Court of NMNH, (3) on the Director's hallway near the community kitchen in the NMNH building, (4) on the Sixth Floor, West Wing, beside the NMNH Department of Entomology's bulletin boards (which was removed in December 2003 due to building renovation), and (4) on all department bulletin boards within the NMNH. The EEO posters were present in these areas from May 2001 through at least December 2003. (ROI Exhibits 8-12)

The investigation also disclosed that the EEO administrative process, including all applicable time frames, is set out on the Smithsonian's internal web site, PRISM, and has been available to all employees since at least October 1, 2001. (ROI page 4 and Exhibit 7)

3

Finally, evidence indicates that the Complainant had participated in the EEO process in or around 1988, when she lodged a complaint of sexual harassment against a U.S. Department of Agriculture employee. (ROI Exhibits 8, 9, 11, 12) A review of the archival records of the Smithsonian's Office for Equal Employment and Minority Affairs confirms that an informal complaint file, subject: Beth Norden, was archived in December 1991 and destroyed according to routine files retention policies in July 1999. (ROI, page 6) In 1988, 29 CFR §1613 controlled the federal sector EEO complaints process and specified that an employee or applicant for employment had to contact an EEO Counselor within 30 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 30 days of the effective date of the action.

<u>Legal Analysis</u>

The regulation found at 29 C.F.R. §1614.107(a)(2) requires an agency to dismiss a complaint which fails to comply with the applicable time limits contained in 29 C.F.R. §1614.105(a)(1). That regulatory provision requires an individual to initiate contact with an EEO Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. Under the EEOC's "reasonable suspicion" standard, the limitations period is not triggered until a complainant should reasonably suspect discrimination, but before all the facts that would support a charge of discrimination have become apparent.[1]

The regulation at 29 CFR §1614.105(a)(2) provides that the agency or the Commission shall extend the 45-day time limit in 29 C.F.R. §1614.105(a)(1) when the individual shows that she was not notified of the time limits and was not otherwise aware of them, that she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence she was prevented by circumstances beyond her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

The investigation established that the Complainant had access to the Smithsonian's internal web site (PRISM) where EEO administrative process time limits are clearly set forth; she worked in a location where at least four 20 x 24 inch EEO posters were posted at the time she worked there, all of which had the time limits specified for contacting an EEO Counselor; and she had participated in at least the informal or precomplaint process previously when she made a complaint of sexual harassment. Contrary to her assertions on appeal, the evidence that the Complainant was on at least constructive notice of the time limits for contacting an EEO Counselor is inescapable.[2] The facts further establish that the Complainant knew or had a "reasonable suspicion" of discrimination when she was subjected to a comment on June 22, 2002, in the context of her request for accommodation. Similarly, the Complainant knew or had a "reasonable suspicion" of discrimination when her requests for accommodation were denied on November 30, 2002.[3] The Smithsonian accordingly determines that there are no grounds for extending the 45-day period pursuant to 29 CFR §1614.105(a)(2).

---

[1] See <u>Howard v. Department of the Navy</u>, EEOC 05970852 (February 11, 1999).

[2] Constructive knowledge will be imputed to an employee when an employer has fulfilled its obligations under Title VII. <u>Thompson v. Department of the Army</u>, EEOC Request No. 05910474 (Sept. 12, 1991) (citing <u>Kale v. Combined Ins. Co. of America</u>, 861 F.2d 746 (1st Cir. 1988)).

[3] <u>Ball v. United States Postal Service</u>, EEOC Request No. 05880247 (July 6, 1988).

4

In considering her complaint, the Smithsonian is mindful that the Complainant contended that the alleged discriminatory acts occurred over a continuum of time. Within the realm of EEOC case law, complaints such as this are often identified as "continuing violations" and in certain instances are deemed to be "recurring violations." For the reasons set forth below, the Smithsonian determines that the complaint constitutes neither a "continuing violation" nor a "recurring violation."

Generally, claims that constitute a continuing violation are not deemed untimely. However, the continuing violation theory cannot be invoked without a timely act; that is, one which occurs within the 45-day time frame for contacting the EEO Counselor.[4] The Smithsonian determines that, as neither of the incidents cited in support of her claim occurred within 45 days of the Complainant's initial EEO Counselor contact, a continuing violation analysis is not necessary.[5]

As with continuing violations, recurring violations are generally deemed as timely. The reason is that recurring violations renew on a continual basis over time. For example, the EEOC has held that "a failure to provide a reasonable accommodation may constitute a recurring violation, that is, a violation that recurs anew each day that the agency fails to provide the accommodation."[6] In the instant complaint, however, the Smithsonian denied the Complainant's requested accommodation on November 30, 2002, and this is the latest date of an alleged discriminatory act, as cited by the Complainant in her request for counseling. (ROI Exhibit 2) This was not a situation where the Complainant could wait indefinitely to initiate EEO contact because there was no Smithsonian response to her request.[7] Accordingly, the Smithsonian determines that the Complainant's claim is not a recurring violation. The Smithsonian concludes that the complaint should be dismissed for untimely EEO Counselor contact.[8]

### Statement of Conclusions

Because the investigation adduced evidence that the Complainant had at least constructive knowledge of the time limits for contacting an EEO Counselor, but did not contact the EEO Counselor within the required 45-day limitations period, the Smithsonian determines that her complaint is dismissed due to untimely EEO Counselor contact.[9]

The dismissal of the complaint is a Final Agency Decision appealable in writing to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, within 30 calendar days of the date the Complainant receives this Final Agency Decision.

### Statement of Relief

Because the complaint is dismissed for untimely EEO Counselor contact, no relief is awarded.

---

[4] Verkennes v. Department of Defense, EEOC Request No. 05900700 (September 21, 1990).
[5] Truelove v. Department of Army, EEOC Appeal No. 01A30475 (May 13, 2003).
[6] Halperin v. Department of Treasury, EEOC Appeal No. 01A05416 (August 30, 2001).
[7] Henery v. Department of Navy, EEOC Appeal Nos. 01A22792, 01A22794 (April 2, 2003).
[8] Wozny v. United States Postal Service, EEOC Appeal No. 01996662 (February 12, 2003).
[9] Sanders v. U.S. Postal Service, EEOC Appeal No. 01A34170 (October 6, 2003).

5

## Statement of Notice and Rights

With regard to the Complainant's right to appeal to EEOC, 29 CFR §1614.403 states in pertinent part:

(a)    The Complainant, agency, agent, grievant or individual class claimant (hereinafter appellant) must file an appeal with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, at P. O. Box 19848, Washington, DC 20036, or by personal delivery or facsimile [(202) 663-7022]. The appellant should use the attached EEOC Form 573, *Notice of Appeal/Petition*, and should indicate what is being appealed.

(b)    The appellant shall furnish a copy of the appeal to the opposing party [Era L. Marshall, Director, Office of Equal Employment and Minority Affairs, Smithsonian Institution, P.O. Box 37012, Victor Building, Suite 8100, MRC 921,Washington, D.C. 20013-7012] at the same time it is filed with the Commission. In or attached to the appeal to the Commission, the appellant must certify the date and method by which service was made on the opposing party.

(c)    If an appellant does not file an appeal within the time limits of this subpart, the appeal shall be dismissed by the Commission as untimely.

(d)    Any statement or brief on behalf of a complainant in support of the appeal must be submitted to the Office of Federal Operations within 30 days of filing the notice of appeal. Any statement or brief on behalf of the agency in support of its appeal must be submitted to the Office of Federal Operations within 20 days of filing the notice of appeal. The Office of Federal Operations will accept statements or briefs in support of an appeal by facsimile transmittal, provided they are no more than 10 pages long.

With respect to the filing of an appeal, 29 CFR §1614.402(b) provides:

If the complainant is represented by an attorney of record, then the 30-day time period provided in paragraph (a) of this section within which to appeal shall be calculated from the receipt of the required document by the attorney. In all other instances, the time within which to appeal shall be calculated from the receipt of the required document by the complainant.

With respect to claims of discrimination and retaliation based on race, color, religion, national origin, sex, handicap and age, the Complainant has the right to file a civil action in an appropriate U.S. District Court. If the Complainant chooses to file a civil action, the Complainant may do so:

—    Within 90 calendar days of receipt of this final decision if no appeal has been filed;

6

&ndash;    After 180 calendar days from the filing date of the Complainant's complaint if an appeal has not been filed and a final decision has not been issued;

&ndash;    Within 90 calendar days of receipt of the Commission's final decision on appeal; or

&ndash;    After 180 calendar days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

Please be advised that courts in some jurisdictions have interpreted the Civil Rights Act of 1991 in a manner suggesting that a civil action must be filed WITHIN THIRTY (30) CALENDAR DAYS from the date that the Complainant receives this decision. To ensure that the Complainant's civil action is considered timely, the Complainant is advised to file it WITHIN THIRTY (30) CALENDAR DAYS from the date the Complainant receives this decision or to consult an attorney concerning the applicable time period in the jurisdiction in which the Complainant's action would be filed.

The Complainant is further notified that if the Complainant files a civil action, THE COMPLAINANT MUST NAME THE PERSON WHO IS THE OFFICIAL AGENCY HEAD AS THE DEFENDANT. Agency means the national organization, and not the local office or installation in which the Complainant might work. DO NOT NAME JUST THE AGENCY. The Complainant must also state the official title of the Agency head. Failure to provide the NAME OR OFFICIAL TITLE of the Agency head may result in the loss of any judicial redress to which the Complainant may be entitled. The head of the Smithsonian Institution is **Lawrence M. Small, Secretary.**

Filing a civil action will terminate EEOC's processing of the Complainant's appeal.

If the Complainant decides to file a civil action under Title VII or under the Rehabilitation Act, and if the Complainant does not have or cannot afford the services of an attorney, the Complainant may request that the court appoint an attorney to represent the Complainant and that the court permit the Complainant to file the action without payment of fees, costs, or other security. **The granting or denial of the request is within the sole discretion of the court.** Filing a request for an attorney does not extend the Complainant's time in which to file a civil action. Both the request and the civil action MUST BE FILED WITHIN EITHER THIRTY (30) OR NINETY (90) CALENDAR DAYS of the date the Complainant receives the Commission's decision.

_____
May 24, 2004
Issue Date

Era L. Marshall, Director
Office of Equal Employment
and Minority Affairs

Enclosure: EEOC Form 573

7

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received this Final Agency Decision within **five calendar days** after the date it was sent postage prepaid via *certified mail, return receipt requested.* I certify that on *May 24, 2004*, I sent this Final Agency Decision, via certified mail, return receipt requested, postage prepaid to

>Ms. Beth Mary Norden
>c/o Vickie Fang, Esq.
>8702 Nightingale Drive
>Lanham, MD 20706
>
>Ms. Beth Mary Norden
>112 Greenhill Road
>Greenbelt, MD 20770

5/25/04

Karen E. Margensey
Office of Equal Employment and Minority Affairs

**NOTICE OF APPEAL/PETITION**
**TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**

1. Appellant's name (Last, First, Middle): [Please Print or Type]

2. Home/mailing address:                                   Social Security No.: ___-__-____

3. Name and address of attorney or other representative, if any:

4. Appellant's daytime telephone number (incl. area code):    5. Representative's telephone number (if applicable):

6. Has the appellant filed a formal complaint with his/her agency?

_____ No        _____ Yes, indicate the Agency's complaint number: _____

7. Name of the agency being charged with discrimination:

8. Location of the duty station or local facility in which the complaint arose:

9. Has a FINAL DECISION been issued by the agency, an Arbitrator, FLRA, or MSPB on this complaint?

____Yes (Indicate the date the appellant RECEIVED it _____, and ATTACH A COPY.)

____No

____This appeal alleges a breach of a settlement agreement.

10. Has a complaint been filed on this same matter with this Commission, another agency, or through any other administrative or collective bargaining procedure?

____No ____ Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate).

11. Has a civil action (lawsuit) been filed in connection with this complaint?

____No ____ Yes (ATTACH A COPY OF THE CIVIL ACTION FILED)

12. Signature of appellant or appellant's representative      13. Date:

**NOTICE:** Before mailing this appeal, be sure to attach a copy of the final decision from which you are appealing, if one has been issued. Any comments or brief in support of the appeal **MUST** be filed with the Commission AND with the agency within 30 days of the date this appeal filed. Making a knowingly false statement on this form is punishable by law. See 18 USC § 1001. **PRIVACY ACT STATEMENT ON REVERSE SIDE.**

**FOR EEOC USE ONLY:**                    **OFO DOCKET NUMBER:**

EEOC FORM 573 REV 4-92

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1.    **FORM NUMBER/TITLE/DATE:** EEOC Form 573, Notice of Appeal/Petition, April 1992.

2.    **AUTHORITY:** 42 U.S.C. §2000e-16.

3.    **PRINCIPAL PURPOSE:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4.    **ROUTINE USES:** Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.

5.    **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D.C.   20036



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7002 0860 0002 3741 8653

**Ms. Beth Mary Norden**
**Michael Wildenberg, Esq.**
**8702 Nightingale Drive**
**Lanham, MD 20706**

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, April 2002          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Cov)*

O F F I C I A L

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

7002 0860 0002 3741 8709

**Ms. Beth Mary Norden**
**112 Greenhill Road**
**Greenbelt, MD 20770**

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, April 2002          See R

SENDER: COMPLETE THIS SECTION

COMPLETE THIS SECTION ON DELIVERY

7002 0860 0002 3741 8709

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7002 0860 0002 3741 8716

**Ms. Sandy Dunaway**
**Compliance Officer**
**Office of Federal Operations, EEOC**
**P.O. Box 19848**
**Washington, D.C. 20036**

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, April 2002          See Reverse for Instructions

 **UNITED STATES POSTAL SERVICE®**

## Track & Confirm

**Shipment Details**

You entered 7002 0860 0002 3741 8693

Your item was delivered at 11:36 am on June 01, 2004 in BOYERS, PA 16018.

Here is what happened earlier:

- ARRIVAL AT PICK-UP-POINT, May 29, 2004, 9:04 am, BOYERS, PA 16018
- ARRIVAL AT UNIT, May 27, 2004, 9:49 am, LANHAM, MD 20706

**Notification Options**

▸ **Track & Confirm by email**    What is this?     Go >


**Track & Confirm**
Enter label number:

Go >

**Track & Confirm FAQs**  Go >


POSTAL INSPECTORS
Preserving the Trust

site map  contact us  government services
Copyright © 1999-2002 USPS. All Rights Reserved. Terms of Use  Privacy Policy

```
┌─────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT        │
└─────────────────────────────────────────┘
```

```
                          TIME : 06/29/2004 09:00
                          NAME : SMITHSONIAN OEEMA
                          FAX  : 2022752055
                          TEL  : 2022750145
```

```
┌───────────────────────────────────────────────────────────────────────┐
│     DATE,TIME              06/29  08:54                                  │
│     FAX NO./NAME           913015524435                                  │
│     DURATION               00:06:27                                      │
│     PAGE(S)                13                                            │
│     RESULT                 OK                                            │
│     MODE                   STANDARD                                      │
│                            ECM                                          │
└───────────────────────────────────────────────────────────────────────┘
```